2017 ND 218

William KULCZYK and Rhonda
Kulczyk, Plaintiffs and
Appellants

v.

TIOGA READY MIX CO., Scott Finan-
cial Corporation, Triple Aggregate,
LLC, and all persons unknown, claim-
ing any estate or interest in, or lien or
encumbrance upon, the real estate de-
scribed in the complaint, Defendants

and

Tioga Ready Mix Co., Appellee

No. 20160330

Supreme Court of North Dakota.

Filed 9/1/2017

Monte L. Rogneby (argued) and Briana L. Hildebrand (appeared), Bismarck, ND, for plaintiffs and appellants.

Tyler J. Malm (argued) and David J. Smith (on brief), Bismarck, ND, for appellee.

VandeWalle, Chief Justice.

[¶1] William and Rhonda Kulczyk appealed a district court judgment dismissing their complaint seeking to foreclose a mortgage against Tioga Ready Mix Co. The court held res judicata barred the Kulczyks' foreclosure action on the basis of previous litigation between the parties. We reverse and remand, concluding res judicata does not bar the Kulczyks' foreclosure action against Tioga Ready Mix.

I

[¶2] William and Rhonda Kulczyk sold Tioga Ready Mix, a ready-mix concrete plant, to Bernard Vculek in December 2011. Under the terms of the sale from the Kulczyks to Vculek, Tioga Ready Mix executed a $1.4 million promissory note and granted a mortgage to the Kulczyks on its property in Williams County. Other documents involved in the sale included a stock redemption agreement, bill of sale, letter of understanding agreement, and confidentiality and non-compete agreements. Vculek and his wife, Marlene, also executed a $1.4 million personal guaranty agreement, promising to be personally responsible for Tioga Ready Mix's debt owed to the Kulczyks. Scott Financial Corporation acted as Vculek's financial advisor and assisted in facilitating the transaction between the parties.

[¶3] In May 2012, Triple Aggregate, LLC sued Tioga Ready Mix seeking over $85,000 for rock aggregate product supplied to Tioga Ready Mix. Tioga Ready Mix counterclaimed and denied it owed Triple Aggregate any payment because Triple Aggregate supplied substandard materials. Tioga Ready Mix also brought a third-party complaint against William

Kulczyk, claiming that as Tioga Ready Mix's manager for the majority of 2011, he negligently allowed the use of Triple Aggregate's substandard materials.

[¶4] Before the trial scheduled for February 2014, Triple Aggregate settled its claim against Tioga Ready Mix. Tioga Ready Mix then sought to amend its third-party complaint against William Kulczyk and add additional parties to the action. The district court granted the request and continued the trial until October 2014. Tioga Ready Mix added the Vculeks as additional plaintiffs and Rhonda Kulczyk as a defendant. Tioga Ready Mix and the Vculeks filed an amended complaint against the Kulczyks, alleging breach of contract, fraud, and negligence relating to the Kulczyks' operation of Tioga Ready Mix before the sale. The Kulczyks counterclaimed against Tioga Ready Mix for breach of contract relating to the letter of understanding agreement and against the Vculeks for breaching the personal guaranty.

[¶5] After trial, the district court ruled Tioga Ready Mix was in default of its obligations under the promissory note and the Vculeks were liable to the Kulczyks under the personal guaranty for $1.4 million. The court dismissed the claims against the Kulczyks, and the Vculeks satisfied the $1.4 million judgment against them.

[¶6] In October 2015, the Kulczyks sued Tioga Ready Mix, Scott Financial Corporation, and Triple Aggregate, seeking to foreclose the mortgage executed by Tioga Ready Mix in the December 2011 sale. The Kulczyks alleged Tioga Ready Mix failed to make annual payments under the promissory note. The Kulczyks asserted that, although the Vculeks paid $1.4 million toward the amount secured by the promissory note and mortgage, Tioga Ready Mix still owed approximately $147,000 plus interest under the note and mortgage. The Kulczyks also alleged its mortgage was superior to the claims of Scott Financial, as the holder of two additional mortgages against the property, and Triple Aggregate, as the party in possession of the property under an agreement with Tioga Ready Mix.

[¶7] Tioga Ready Mix denied the claims and moved for summary judgment, arguing the Kulczyks' foreclosure action was barred by res judicata and collateral estoppel because they did not raise the issue in the earlier lawsuit between the parties. The district court agreed and ruled res judicata barred the Kulczyks' foreclosure action against Tioga Ready Mix because they did not raise that claim in the earlier lawsuit. The court ruled that because Tioga Ready Mix was a party to the earlier action, and because the parties litigated numerous issues arising from the Kulczyks' sale of Tioga Ready Mix to the Vculeks, the Kulczyks should have raised their foreclosure claim in the earlier lawsuit. The court entered a judgment dismissing the Kulczyks' complaint and releasing the Kulczyks' mortgage against the property.

II

[¶8] The Kulczyks argue the district court erred in granting Tioga Ready Mix's motion for summary judgment, concluding res judicata barred their foreclosure action against Tioga Ready Mix.

[¶9] Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact, or if the only issues to be resolved are questions of law. *A. R. Audit Services, Inc. v. Tuttle,* 2017 ND 68, ¶ 5, 891 N.W.2d 757. The moving party must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of

law. *Id.* We review a district court's decision on summary judgment de novo on the record. *Id.*

[¶10] "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies." *Missouri Breaks v. Burns*, 2010 ND 221, ¶ 10, 791 N.W.2d 33 (quoting *Hager v. City of Devils Lake*, 2009 ND 180, ¶ 10, 773 N.W.2d 420). Res judicata means a valid, final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or claims that could have been raised, as to the parties and their privies in future actions. *Missouri Breaks*, at ¶ 10. Under principles of res judicata, it is inappropriate to reargue issues that were tried or could have been tried in earlier proceedings. *Id.* The applicability of res judicata is a question of law, fully reviewable on appeal. *Skogen v. Hemen Township Board*, 2010 ND 92, ¶ 17, 782 N.W.2d 638.

[¶11] Privity exists if one is so identified in interest with another that he or she represents the same legal right. *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 12, 721 N.W.2d 16. This Court has expanded privity to include a person not technically a party to a judgment, "but who is, nevertheless, connected with it by his interest in the prior litigation and by his right to participate therein." *Id.* (quoting *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 384 (N.D. 1992)). The right to participate may be "actively exercised by prosecution of the action, employment of counsel, control of the defense, filing of an answer, payment of expenses or costs of the action, the taking of an appeal, or the doing of such other acts as are generally done by parties." *Ungar*, at ¶ 12 (quoting *Hofsommer*, at 384). Fundamental fairness underlies determinations of privity and res judicata. *Riverwood*

*Commercial Park v. Standard Oil Co.*, 2007 ND 36, ¶ 14, 729 N.W.2d 101; *Ungar*, at ¶ 12.

[¶12] The Kulczyks argue their foreclosure action against Tioga Ready Mix is not barred by res judicata. The Kulczyks argue they were not required to bring their claims to enforce the guaranty against the Vculeks and foreclose the mortgage against Tioga Ready Mix in the same action. The Kulczyks argue this Court's holdings in *Alerus Financial, N.A. v. Marcil Group*, 2011 ND 205, 806 N.W.2d 160, support their argument.

[¶13] In *Alerus*, 2011 ND 205, ¶ 2, 806 N.W.2d 160, KRE, LLC received a $2.6 million loan to purchase commercial real estate. KRE granted Alerus a first mortgage against the property, and three guarantors each executed guaranty contracts guaranteeing KRE's debt. *Id.* After KRE defaulted on the promissory note, Alerus declared the entire balance of the loan due and began a foreclosure action against KRE. *Id.* at ¶ 3. Alerus also brought a separate action against the guarantors to enforce the guaranties. *Id.* at ¶ 4. The district court granted Alerus' motion for summary judgment in both actions, dismissing the guarantors' objection that Alerus had impermissibly split its cause of action between foreclosure and enforcing the guaranties. *Id.* at ¶¶ 5-6.

[¶14] On appeal, the guarantors argued Alerus impermissibly split its cause of action by bringing separate lawsuits to enforce the guaranties and foreclose the mortgage. *Id.* at ¶ 17. We rejected the guarantors' argument, noting that the defendants were different in each action, and "an action against a guarantor is based on the contract of guaranty which is an obligation distinct from the obligation imposed by a note and mortgage." *Id.* at ¶ 19 (citing *Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640, 643 (N.D. 1980)). "An action

to enforce a guaranty is not a necessary circumstance, condition, or consequence of an action to foreclose a commercial real estate mortgage." *Alerus*, at ¶ 13. "This Court has not required that actions to enforce a guaranty accompany actions to foreclose a mortgage." *Id.* at ¶ 19.

[¶15] The Kulczyks argue their separate foreclosure action against Tioga Ready Mix is allowed under *Alerus*. The Kulczyks argue the promissory note and mortgage were not litigated in the earlier lawsuit between the parties. The Kulczyks also argue that although Tioga Ready Mix was involved in the earlier action to enforce the guaranty, the foreclosure action includes a party, Scott Financial, not a party to the earlier action. The district court disagreed in concluding res judicata barred the Kulczyks' foreclosure action:

> Although the holdings of the *Alerus Financial* case are fairly straightforward, their application to the set of facts posed in this particular case is less clear. If the only parties to the prior action . . . had been the Kulczyks and the Vculeks, and the only issue raised was the Vculeks' liability under the Personal Guaranty Agreement, then there is no question that the Kulczyks' current mortgage foreclosure action against Tioga Ready Mix would be permissible. But Tioga Ready Mix was a party to the prior action, and the parties litigated all of the numerous issues arising from the Kulczyks' sale of Tioga Ready Mix to the Vculeks, under all of the various agreements entered into by the parties during that process, with the exception of Tioga Ready Mix's liability to the Kulczyks under the Promissory Note and Mortgage dated December 21, 2011. Viewed through these facts, the Kulczyks' argument is essentially that no matter what previous litigation arising from the same transaction or set of operative facts may have occurred between

the exact same parties, the mortgage foreclosure is always a separate cause of action that may be brought on its own.

After careful consideration, this Court does not believe that the *Alerus Financial* case requires that result. First, although a particular lender may prefer such a procedure, there is no requirement in North Dakota law that an action against a guarantor must precede an action to foreclose on a real estate mortgage. In the *Alerus Financial* case itself, a foreclosure action against the commercial real property was initiated prior to the action against the guarantors, and was reduced to judgment prior to the guaranty judgment. *See Alerus Financial N.A. v. Marcil Group, Inc.*, 2011 ND 205, ¶¶ 3-4, 806 N.W.2d 160. Second, in its reasoning in *Alerus Financial*, the North Dakota Supreme Court expressly noted that the defendants, the mortgagor in the first action and the three guarantors in the second action, were different parties. *Id.* at ¶ 19. That is not the case as between the Kulczyks and Tioga Ready Mix, which were both parties to the prior proceeding.

The court concluded that because Tioga Ready Mix was a party in the first action "regarding the facts and circumstances surrounding the sale of the company," the "Kulczyks could have and should have raised their mortgage foreclosure claim against Tioga Ready Mix in the previous litigation." "By failing to do so, they are now barred under the doctrine of res judicata from asserting their mortgage foreclosure claim against Tioga Ready Mix in this separate action."

[¶16] We disagree with the district court's application of *Alerus* to the facts of this case. It appears the primary reason for applying res judicata to the Kulczyks'

foreclosure action was because Tioga Ready Mix was a party to the first action and other documents surrounding the sale were litigated. The court also appears to have overlooked the unusual procedural posture involved in the first action between the Kulczyks and Tioga Ready Mix. The court stated that "the Kulczyks engaged in years-long litigation with Tioga Ready Mix regarding the facts and circumstances surrounding the sale of the company;" however, the Kulczyks were brought into the first action by Tioga Ready Mix.

[¶17] Triple Aggregate initiated the first action by suing Tioga Ready Mix to collect an unpaid debt. Tioga Ready Mix counterclaimed against Triple Aggregate and subsequently brought William Kulczyk into the action as a third-party defendant. Tioga Ready Mix later amended its complaint, requested the addition of the Vculeks and Rhonda Kulczyk to the action, and requested continuance of the trial. Tioga Ready Mix's and the Vculeks' amended complaint alleged breach of contract, fraud, and negligence relating to the Kulczyks' operation of Tioga Ready Mix before the sale. The Kulczyks denied the allegations and counterclaimed, alleging the Vculeks breached the personal guaranty and Tioga Ready Mix breached the letter of understanding for failing to pay William Kulczyk a $50,000 salary reserve. As the district court indicated, Tioga Ready Mix's liability to the Kulczyks under the promissory note and mortgage was not litigated in the first action. The court also noted:

> Although there was evidence presented about the Promissory Note and Mortgage at trial in the prior action, and specifically regarding Tioga Ready Mix's default under the terms of the Promissory Note, the only issue [the Kulczyks] raised and presented to the district court for decision was whether the Vculeks were liable under the terms of the

Personal Guaranty Agreement and for how much.

As we held in *Alerus*, 2011 ND 205, ¶ 19, 806 N.W.2d 160, "an action against a guarantor is based on the contract of guaranty which is an obligation distinct from the obligation imposed by a note and mortgage."

[¶18] Although Tioga Ready Mix was a party to the first action, the Kulczyks' foreclosure action involved an additional party, Scott Financial, that had an interest in the mortgaged property. Scott Financial held two mortgages against the property and was not a party in the first action between Tioga Ready Mix and the Kulczyks. The district court stated Scott Financial's absence as a party in the first action did not preclude res judicata:

> [T]he fact that Scott Financial would have been a necessary party to any mortgage foreclosure claim asserted by the Kulczyks does not preclude the operation of res judicata as between the Kulczyks and Tioga Ready Mix, both of whom were parties to the first action. The Court can think of no compelling reason why Scott Financial could not have been added as a party to that action, in order for the Kulczyks to bring their mortgage foreclosure claim against Tioga Ready Mix at the same time that all the other issues arising out of the Kulczyks' sale of Tioga Ready Mix were being litigated. Although Scott Financial was not a party to the first action, Brad Scott and Scott Financial were heavily involved in the case. Brad Scott testified at the first trial. The Kulczyks' own post-trial brief in the first case emphasizes the close relationship and identity of interest between Scott Financial and the Vculeks in the negotiation and closing of the sale of Tioga Ready Mix.

It should also be noted that Scott Financial has not even appeared in this mortgage foreclosure action, and instead apparently trusted Tioga Ready Mix to take care of its interests in the lawsuit. Tioga Ready Mix ultimately satisfied Scott Financial's two mortgage liens on the real property in full in December 2015, after this mortgage foreclosure was commenced. Under the totality of these unique facts and circumstances, the Court concludes that even if privity is required between Tioga Ready Mix and Scott Financial for purposes of res judicata, it exists in this case due to the sufficient identity of common interests between them arising out of the same series of transactions and nucleus of operative facts relating to the Kulczyks' sale of Tioga Ready Mix to the Vculeks. Scott Financial acted as Bernie Vculek's financial advisor and assisted in facilitating the sale between Vculek and Tioga Ready Mix. The court concluded that because Scott Financial was involved in the first action, the Kulczyks should have added it as a party. Scott Financial's involvement in the first action does not lead to the conclusion that privity existed between the parties for purposes of res judicata. Scott Financial's assistance in facilitating the sale of Tioga Ready Mix and Brad Scott's testimony in the first action are not "other acts as are generally done by parties" for purposes of privity and res judicata. *See Ungar*, 2006 ND 185, ¶ 12, 721 N.W.2d 16 (quoting *Hofsommer*, 488 N.W.2d at 384). We conclude Scott Financial's involvement in the first action did not require the Kulczyks to add Scott Financial to that action to litigate the mortgages.

[¶19] Had all of the parties involved here been involved in the first action perhaps we might have reached a different result and agreed with the district court that res judicata barred the Kulczyks' foreclosure action. Under the circumstances of this case, we are unwilling to depart from our holdings in *Alerus*. Because the promissory note and mortgage were not litigated in the earlier lawsuit, and Scott Financial was not a party to that lawsuit, we conclude res judicata did not bar the Kulczyks' foreclosure action against Tioga Ready Mix. We reverse that part of the judgment dismissing the Kulczyks' complaint and releasing their mortgage. We remand for further proceedings on the Kulczyks' complaint.

### III

[¶20] We have considered the Kulczyks' additional arguments and conclude they are unnecessary to our decision. The judgment dismissing the Kulczyks' complaint and releasing their mortgage is reversed and remanded for further proceedings.

[¶21] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

William A. Herauf, D.J.

[¶22] The Honorable William A. Herauf, D.J., sitting in place of Kapsner, J., disqualified.

[¶23] The Honorable Jon J. Jensen was not a member of the Court when this case was heard and did not participate in this decision.