Filed 1/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 28

Andrew M. Martin, Plaintiff and Appellee

v.

Marquee Pacific, LLC, Jeremy Lott,

and William Neff,                                                                                           Defendants

         and 

Artec Homes, LLC,                              Defendant, Third-Party Plaintiff, and Appellant

            v.

Greyson Financial Services, Inc., Third-Party Defendant and Appellee

No. 20170256

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Sean T. Foss (argued), Fargo, ND and LaRoy Baird III (appeared), Bismarck, ND, for plaintiff and appellee Andrew M. Martin and third-party defendant and appellee Greyson Financial Services, Inc.

Philip J. Kaplan (argued) and Kristin B. Rowell (appeared), Minneapolis, MN, for defendant, third-party plaintiff, and appellant Artec Homes, LLC.

Martin v. Marquee Pacific, LLC

No. 20170256

Jensen, Justice.

[¶1] Artec Homes, LLC (“Artec”) appeals from the district court’s amended judgment granting foreclosure in favor of Andrew Martin (“Martin”), and dismissing Artec’s claims against Martin and Greyson Financial Services, Inc. (“Greyson”).  We reverse and remand.

I

[¶2] This case is the fourth lawsuit relating to an unfinished real estate development referred to as Magic Meadows in Minot, North Dakota.  Highpoint Properties, LLC (“Highpoint”) originally owned 127 residential lots in the Magic Meadows development.  In September 2011, Artec purchased an interest in twenty of the lots from Highpoint for $400,000.  Highpoint continued to own the remaining 107 lots after the sale of the twenty lots to Artec.

[¶3] In the first and second lawsuits, Artec sued Highpoint alleging it could not  build homes on the twenty lots because Highpoint failed to develop them.  Artec obtained judgments against Highpoint totaling $428,761.90.  As part of its efforts to collect on the judgments, Artec ultimately purchased all 127 of the Magic Meadows lots at the sheriff’s sales in October 2014 and December 2015.

[¶4] In April 2013, while the first lawsuit between Artec and Highpoint was pending, Highpoint conveyed its interest in the remaining 107 lots to Marquee Pacific, LLC (“Marquee”).  In June 2013, Greyson loaned $400,000 to Marquee in exchange for a mortgage against the remaining 107 lots.  Greyson subsequently assigned the mortgage to Martin, Greyson’s owner, in November 2014.

[¶5] In December 2013, Artec began the third lawsuit against Highpoint and Marquee after it discovered Highpoint transferred the remaining 107 lots to Marquee.  Artec alleged that Highpoint’s conveyance of the remaining 107 lots to Marquee was fraudulent.  Highpoint and Marquee did not defend the lawsuit, and Highpoint’s conveyance to Marquee was set aside.  Greyson and Martin were not parties to the third lawsuit.  Following that lawsuit, Artec owned all 127 lots subject to the mortgage on 107 lots originally held by Greyson and subsequently assigned to Martin.

[¶6] The fourth and current lawsuit was initiated by Martin against Marquee and Artec seeking to foreclose the mortgage on the 107 lots.  Artec counterclaimed against Martin and subsequently brought a third-party complaint against Greyson, alleging they did not receive the mortgage from Marquee in good faith and for reasonably equivalent value, rendering the mortgage unenforceable.

[¶7] Martin and Greyson moved to dismiss Artec’s counterclaim and third-party complaint, and Martin moved for summary judgment on the foreclosure claim.  The district court concluded that because Greyson obtained its mortgage from Marquee before Artec sued to set aside the conveyance from Highpoint to Marquee in the third lawsuit, Greyson should have been made a party to that action.  The court held Artec improperly split its cause of action because it did not join Martin and Greyson in the fraudulent transfer action.  The court granted Martin’s motion for summary judgment on the foreclosure claim after determining that dismissal of Artec’s claims against Martin and Greyson eliminated Artec’s only defense to the foreclosure claim.

II

[¶8] Artec argues the district court erred in dismissing its counterclaim against Martin and third-party complaint against Greyson under N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted.  In response, Greyson and Martin argue that even if the court improperly dismissed Artec’s claims, its decision can be affirmed because there are no questions of material fact as to whether Greyson obtained the mortgage in good faith and for reasonably equivalent value.

[¶9] A motion to dismiss under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint.  
Nandan, LLP v. City of Fargo
, 2015 ND 37, ¶ 11, 858 N.W.2d 892.  On appeal, “we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint.”  
Id.
 (quoting 
Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161
, 2011 ND 185, ¶ 6, 803 N.W.2d 827).  This Court will affirm a judgment dismissing a complaint for failure to state a claim under N.D.R.Civ.P. 12(b)(6) if we cannot discern a potential for proof to support it.  
Nandan
, at ¶ 11.  We review a district court’s decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo.  
Id.

[¶10] This Court’s standard of review of a district court’s decision to grant summary judgment is well established:

[Summary judgment] is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.  On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.  Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

Krenz v. XTO Energy, Inc.
, 2017 ND 19, ¶ 17, 890 N.W.2d 222 (quoting
 Riverwood Commercial Park v. Standard Oil Co.
, 2011 ND 95, ¶ 6, 797 N.W.2d 770).  “Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts.”  
Markgraf v. Welker
, 2015 ND 303, ¶ 10, 873 N.W.2d 26 (quoting 
Northern Oil & Gas, Inc. v. Creighton
, 2013 ND 73, ¶ 11, 830 N.W.2d 556).  This Court has explained that “[d]eciding an issue on summary judgment is not appropriate if the court must draw inferences or make findings on disputed facts.”  
Creighton
, at ¶ 20.  “The district court may not weigh the evidence, determine credibility, or attempt to discern the truth of the matter when ruling on a motion for summary judgment.”  
Farmers Union Oil Co. of Garrison v. Smetana
, 2009 ND 74, ¶ 10, 764 N.W.2d 665.

[¶11] Artec brought its claims against Martin and Greyson under N.D.C.C. ch. 13-

02.1, the Uniform Voidable Transactions Act, formerly known as the Uniform Fraudulent Transfers Act.  Artec claimed that under the UVTA, it was entitled to relief against Greyson and Martin unless they could prove they received the mortgage from Marquee in good faith and for reasonably equivalent value.  Artec sought avoidance of the mortgage, alleging Greyson and Martin did not receive it in good faith and for reasonably equivalent value.

[¶12] In dismissing Artec’s claims, the district court did not conclude Artec failed to state a claim on which relief could be granted.  Rather, the court dismissed Artec’s claims primarily because Artec did not join Greyson and Martin as defendants in the fraudulent transfer action against Highpoint and Marquee:

Both Martin and Greyson were indispensable parties in the third law suit, the fraudulent conveyance action.  Rule 19, NDRCivPro, requires the joinder of all persons who claim an interest relating to the subject of the action, and who are so situated that disposing of the action in that person’s absence may, as a practical matter, impair or impede the person’s ability to protect their interest.

. . . .

There is no question but that Marque[e] Pacific gave a mortgage to the Magic Meadows property to Greyson months before Artec initiated its fraudulent conveyance action against Marque[e] Pacific and High Point.  Greyson’s interest in the property, the mortgage, was filed of record before the fraudulent conveyance action was initiated.  Before Greyson’s, and ultimately Martin’s interest in the property could be divested or otherwise voided in a fraudulent conveyance action, Artec was required to have named them as defendants in that action.

The fault for failure to join all necessary parties rests on Artec.  Neither Greyson nor Martin can be bound by a judgment in a lawsuit affecting their rights and interests in the Magic Meadows property when they were not made parties, were given no opportunity to come to Court to protect their interest, and had no ability to appeal from a decision which would essentially strip them of their interest.  The judgment of the third action, 51-2013-CV-1467, can have binding affect only on High Point and Marque[e], but cannot bind either Greyson or Martin.

Parties are generally prohibited from splitting their causes of action and engaging in piecemeal litigation.  There is a strong policy in North Dakota against piecemeal litigation.  
Superpumper, Inc. v. Nerland Oil Co.
, 2000 ND 220, 620 NW2d 159.  A party with a single cause of action may not split that cause of action and maintain several law suits for different parts of that action.  
Lucas v. Porter
, 2008 ND 160, 755 NW2d 88.

Artec had an opportunity to make its claim for fraudulent conveyance against Martin and Greyson in the third lawsuit.  It failed to join either in that action.  Artec cannot now use the judgment of fraudulent conveyance to defeat the claims of Greyson and Martin in this action, the fourth law suit involving the Magic Meadows fiasco.

The entire premise of Artec’s cross claim against Martin, and its third party claim against Greyson rests on the premise that the judgment in the third law suit establishing the fraudulent conveyance is controlling in this, the fourth law suit.  That judgment, however, can have no binding effect on Greyson or Martin because Artec failed to join them as defendants in the third law suit.  

[¶13] The district court appears to have reached its decision to dismiss Artec’s claims in two steps.  First, it concluded that all litigants are entitled to a fair opportunity to defend against claims and therefore Greyson and Martin were necessary parties in the fraudulent transfer action under N.D.R.Civ.P. 19.  Second, having concluded that Greyson and Martin should have been joined in the third lawsuit, the court concluded Artec was prohibited from splitting its cause of action and thus Artec’s claims must be dismissed.  For the reasons explained below, we conclude the court erred as a matter of law in determining Rule 19 and claim splitting prohibit Artec’s claims in this case.

A

[¶14] Rule 19, N.D.R.Civ.P., governs required joinder of parties in an action.  Under  N.D.R.Civ.P. 19(a)(1)(B)(i), a party must be joined in an action if the party claims an interest relating to the subject of the action and is so situated that disposing of the action in the party’s absence may impair the party’s ability to protect its interest. “Rule 19, N.D.R.Civ.P., requires the joinder of all parties who are materially interested in the subject matter of the action so that the court may grant full relief and adjust the rights of all parties interested.”  
Wacker Oil, Inc. v. LoneTree Energy, Inc.
, 459 N.W.2d 381, 383 (N.D. 1990).

[¶15] Greyson obtained its mortgage from Marquee approximately six months before Artec brought its fraudulent transfer action against Highpoint and Marquee.  Because Greyson had an interest in the 107 lots, Greyson and Martin argue the district court correctly concluded they were necessary under Rule 19 and should have been parties in the fraudulent transfer action.  However, we are not aware of, and Greyson and Martin have not provided any authority holding Rule 19 requires dismissal of a subsequent action for failure to join a party in an earlier action.

[¶16] Artec’s fraudulent transfer action sought to set aside the conveyance from Highpoint to Marquee.  Artec did not request avoidance of the mortgage from Marquee to Greyson in that action.  While it may have been more efficient if Artec had named Greyson and Martin as defendants in the fraudulent transfer action, any argument relating to N.D.R.Civ.P. 19 was limited to that action.  If, assuming Greyson and Martin knew of Artec’s fraudulent transfer action and wanted to assert their interest in that action, their remedy was to seek intervention in the action under N.D.R.Civ.P. 24.  We conclude N.D.R.Civ.P. 19 has no application here.  To properly resolve this case, we must decide whether Artec split its cause of action.

B

[¶17] This Court has discussed the prohibition against splitting a cause of action:

A party with a single cause of action generally may not split that cause of action and maintain several lawsuits for different parts of the action.
 
 The doctrine of res judicata claim preclusion is premised upon the prohibition against splitting a cause of action.  The rule against splitting a cause of action is in part a rule of abatement and in part a rule of res judicata.  
The rule against splitting a cause of action
 prevents splitting under a rule of abatement if the first action is pending when the second action is begun, and 
prevents splitting under a rule of res judicata if the first action has terminated in a judgment on the merits when the second action is brought
.

Lucas v. Porter
, 2008 ND 160, ¶ 10, 755 N.W.2d 88 (emphasis added) (citations omitted).  Here, Artec brought its amended claims against Martin and Greyson after entry of its judgment against Highpoint and Marquee.  Thus, whether Artec split its cause of action is within the scope of res judicata.

[¶18] “Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies.”  
Kulczyk v. Tioga Ready Mix Co.
, 2017 ND 218, ¶ 10, 902 N.W.2d 485 (quoting 
Missouri Breaks, LLC v. Burns
, 2010 ND 221, ¶ 10, 791 N.W.2d 33).  Res judicata means a valid, final judgment is conclusive regarding claims raised, or claims that could have been raised and decided, as to the parties and their privies in all other actions.  
Missouri Breaks
, at ¶ 10.  Under res judicata principles, it is inappropriate to reargue issues that were tried or could have been tried in earlier actions.  
Kulczyk
, at ¶ 10.  Whether res judicata applies is a question of law, fully reviewable on appeal.  
Id.

[¶19] “Privity exists if one is so identified in interest with another that he or she represents the same legal right.”  
Kulczyk
, 2017 ND 218, ¶ 11, 902 N.W.2d 485.  This Court uses an expanded version of privity to include a person not technically a party to a judgment, “but who is, nevertheless, connected with it by his interest in the prior litigation and by his right to participate therein.”  
Id.
 (quoting 
Ungar v. N.D. State Univ.
, 2006 ND 185, ¶ 12, 721 N.W.2d 16).  The right to participate in an action may be actively exercised by prosecuting the action, employing counsel, controlling the defense, filing of an answer, paying expenses or costs of the action, or doing such other acts that are generally done by parties.  
Kulczyk
, at ¶ 11.  Fundamental fairness underlies determinations of res judicata and privity.  
Id.
; 
see also
 
Hofsommer v. Hofsommer Excavating, Inc.
, 488 N.W.2d 380, 384 (N.D. 1992).  This Court has never applied res judicata to prevent litigation against one who was neither a party nor in privity with a party in prior litigation resulting in a final judgment.  
See, e.g.,
 
Kulczyk
, at ¶¶ 18-19; 
SNAPS Holding Co. v. Leach
, 2017 ND 140, ¶ 34, 895 N.W.2d 763; 
McColl Farms, LLC v. Pflaum
, 2013 ND 169, ¶¶ 14-15, 837 N.W.2d 359.

[¶20] Greyson and Martin were not parties to Artec’s fraudulent transfer action against Highpoint and Marquee relating to the 107 lots.  In fact, neither Highpoint nor Marquee defended the action.  Greyson and Martin obtained their interest in the 107 lots with the mortgage from Marquee.  Greyson and Martin’s mortgage from Marquee, however, does not lead to the conclusion that they were so identified in interest with Highpoint or Marquee that they represented the same legal right.  
See
 
Kulczyk
, 2017 ND 218, ¶ 11, 902 N.W.2d 485.  Because Greyson and Martin were not parties to the fraudulent transfer action nor in privity with Highpoint or Marquee, we conclude the res judicata prohibition against splitting a cause of action does not apply, and the district court erred in dismissing Artec’s claims.

C

[¶21] Greyson and Martin alternatively argue the judgment can be affirmed because even if the district court erred in dismissing Artec’s claims,  no questions of material fact exist regarding whether Greyson obtained the mortgage from Marquee in good faith and for reasonably equivalent value.  Greyson and Martin contend that in the absence of a material question of fact, the entry of summary judgment on Martin’s foreclosure claim was appropriate and resolves the case.

[¶22] The district court granted Martin’s request for summary judgment on his claim to foreclose the mortgage, first obtained by Greyson from Marquee and subsequently assigned to Martin.  The court summarily addressed Martin’s foreclosure claim by concluding that because Artec did not join Martin and Greyson in the fraudulent transfer action, Artec’s defense to the foreclosure claim had been eliminated and summary judgment was appropriate.  The court did not provide any analysis of the factual or legal issues involved in Martin’s foreclosure claim had Artec not been precluded from asserting its claims.  The court did not conclude no genuine issue of material fact existed as to whether Greyson and Martin acquired the mortgage from Marquee in good faith and for reasonably equivalent value.

[¶23] “Whether a party acted in good faith is a question of fact.”  
Desert Partners IV, L.P. v. Benson
, 2016 ND 37, ¶ 13, 875 N.W.2d 510.  The parties dispute whether Greyson and Martin acquired the mortgage in good faith.  Viewing the evidence in a light most favorable to Artec, we conclude a genuine issue of disputed fact exists as to whether Greyson and Martin acquired the mortgage from Marquee in good faith and for reasonably equivalent value.  We reverse the district court’s amended judgment, and remand for further proceedings relating to the parties’ claims and defenses.

III

[¶24] The amended judgment is reversed and remanded for further proceedings.

[¶25] Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.