# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 171

Terrance Fredericks, in his personal capacity,
as majority owner of Native Energy Construction,
and derivatively on behalf of Native Energy
Construction,                                          Plaintiffs and Appellants

      v.

Vogel Law Firm, Maurice G. McCormick,
Monte L. Rogneby, McCormick, Inc., and
Northern Improvement Co., Inc.,                       Defendants and Appellees

## No. 20190272

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Jeffrey S. Rasmussen (argued), Louisville, CO, and Chad C. Nodland (appeared), Bismarck, ND, for plaintiffs and appellants.

Diane M. Wehrman (argued), Monte L. Rogneby (argued), Bismarck, ND, and Brent J. Edison (on brief), Fargo, ND, for defendants and appellees.

**VandeWalle, Justice.**

[¶1]   Terrance Fredericks appealed from a district court order dismissing his lawsuit against the Vogel Law Firm and its attorneys Monte Rogneby and Maurice McCormick (Vogel), McCormick Inc. (McCormick), and Northern Improvement Company. The district court concluded res judicata barred Fredericks' claims. We affirm.

I

[¶2]   Fredericks' lawsuit is related to a 2016 lawsuit involving McCormick, Northern Improvement, Native Energy, and Fredericks. In the earlier lawsuit Northern Improvement and McCormick, individually and on behalf of Native Energy, sued Fredericks for breaching contractual and fiduciary duties. Fredericks counterclaimed, alleging McCormick breached fiduciary duties. After a September 2018 trial, the jury found Fredericks breached fiduciary duties owed to Native Energy and McCormick and awarded compensatory and exemplary damages to Native Energy and McCormick. The jury found that McCormick and Northern Improvement did not breach duties owed to Native Energy or Fredericks. Judgment was entered in July 2019.

[¶3]   Vogel represented McCormick and Northern Improvement in the 2016 lawsuit. Fredericks sought to disqualify Vogel after testimony revealed Vogel may have indirectly provided services to Native Energy in 2010 and 2011 when it reviewed certain agreements that were later executed by Native Energy and third-party oil companies.  The district court declared a mistrial and disqualified Vogel from representing McCormick. McCormick moved for reconsideration of the court's decision to disqualify Vogel.  After a hearing, the court did not disqualify Vogel, ruling it had not represented Native Energy by reviewing the agreements.  *See McCormick v. Fredericks*, 2020 ND 161, ¶¶ 7-8.

[¶4]   In December 2017, Fredericks moved to add Vogel as a third-party defendant, claiming it committed legal malpractice by breaching fiduciary

duties owed to Native Energy and Fredericks. Fredericks' motion also sought to amend his counterclaims against McCormick and Northern Improvement. In April 2018, the district court allowed Fredericks to amend his claims against McCormick and Northern Improvement, but denied his motion to join Vogel as a third-party defendant.

[¶5] Fredericks then filed a third amended answer, affirmative defenses and counterclaims containing allegations against McCormick, Northern Improvement, and Vogel. McCormick moved to strike Fredericks' pleading. The district court granted the motion, concluding the pleading was untimely, made allegations against Vogel that were contrary to the court's decisions not to disqualify Vogel and disallowing claims against Vogel, and went beyond the court's limited leave to amend Fredericks' claims against McCormick and Northern Improvement. Fredericks did not raise on appeal either of the court's orders relating to his attempts to amend his counterclaim and join Vogel as a third-party defendant.

[¶6] In February 2019, Fredericks, individually and derivatively on behalf of Native Energy Construction, filed the instant lawsuit against Vogel, McCormick, and Northern Improvement. Fredericks' complaint alleged that Vogel had a conflict of interest because it had provided legal services to Native Energy in 2010 and 2011, and its current representation of McCormick was adverse to Native Energy and Fredericks. Fredericks alleged Vogel committed legal malpractice by disclosing Native Energy's and Fredericks' confidential information to McCormick. Fredericks also alleged McCormick and Northern Improvement breached fiduciary duties owed to Native Energy and Fredericks.

[¶7] Vogel moved to dismiss Fredericks' complaint in this case, claiming it had not represented Native Energy or Fredericks. McCormick and Northern Improvement also moved to dismiss, asserting Fredericks raised or could have raised the same claims against them in the earlier lawsuit. Fredericks filed a motion for summary judgment, arguing the defendants breached their fiduciary duties to Native Energy.

2

[¶8]  The district court requested the parties submit briefs relating to whether res judicata barred Fredericks' claims. After a hearing, the court granted the motions and dismissed Fredericks' complaint. The court ruled Fredericks' claims could have and should have been raised in the earlier lawsuit.

II

[¶9]  Fredericks argues the district court erred in concluding res judicata barred his claims against Vogel, McCormick, and Northern Improvement.

[¶10] "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies." *Kulczyk v. Tioga Ready Mix Co.*, 2017 ND 218, ¶ 10, 902 N.W.2d 485 (quoting *Missouri Breaks, LLC v. Burns*, 2010 ND 221, ¶ 10, 791 N.W.2d 33). Res judicata means a valid, final judgment is conclusive with regard to claims raised, or claims that could have been raised, as to the parties and their privies in future actions. *Kulczyk*, at ¶ 10. Whether res judicata applies is a question of law, fully reviewable on appeal. *Id.*

[¶11] Res judicata applies even though the subsequent claims may be based on a different legal theory. *Littlefield v. Union State Bank, Hazen, N.D.*, 500 N.W.2d 881, 884 (N.D. 1993). If the subsequent claims are based upon the identical factual situation as the claims in the earlier action, then they should have been raised in the earlier action. *Id.* It does not matter that the substantive issues were not directly decided in the earlier action, the key is that they were capable of being, and should have been, raised as part of the earlier action. *Id.* (citing *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 385 (N.D. 1992)).

> [A] judgment on the merits in the first action between the same parties constitutes a bar to the subsequent action based upon the same claim or claims or cause of action, not only as to matters in issue but as to all matters essentially connected with the subject of the action which might have been litigated in the first action.

*Fettig*, 2019 ND 261, ¶ 18, 934 N.W.2d 547 (quoting *Perdue v. Knudson*, 179 N.W.2d 416, 422 (N.D. 1970)).

[¶12] "Privity exists if one is so identified in interest with another that he or she represents the same legal right." *Kulczyk*, 2017 ND 218, ¶ 11, 902 N.W.2d 485. This Court uses an expanded version of privity to include a person not technically a party to a judgment, "but who is, nevertheless, connected with it by his interest in the prior litigation and by his right to participate therein." *Id.* (quoting *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 12, 721 N.W.2d 16). Fundamental fairness underlies determinations of privity and res judicata. *Martin v. Marquee Pacific, LLC*, 2018 ND 28, ¶ 19, 906 N.W.2d 65.

A

[¶13] The district court concluded "that all claims Fredericks had against McCormick and Northern Improvement related to Native Energy or the facts and circumstances around operation of Native Energy, and had to be raised in the Original Action." The court stated the district court in the first action authorized Fredericks to bring additional claims against McCormick and Northern Improvement. However, Fredericks did not bring those claims until approximately one month before trial, which the court struck as untimely. The court concluded that although Fredericks' claims against McCormick and Northern Improvement were dismissed as untimely, they could have been raised in the first action. The court concluded, "If Fredericks disputes [the court's] dismissal of his Third Amended Answer [relating to McCormick and Northern Improvement], his remedy still lies within that Action or an appeal from that Action, not in filing a new, separate lawsuit asserting the same claims."

[¶14] We agree with the district court's analysis. In its earlier decision in April 2018, the district court allowed Fredericks to bring additional claims against McCormick and Northern Improvement; however, he did not bring those claims until August 2018, thirty-four days before trial. Fredericks' claims against McCormick and Northern Improvement in this case are nearly identical to the claims raised in his stricken pleading in the earlier action. Fredericks' claims raised here are based on the same facts that were litigated and decided in the earlier lawsuit. Although untimely, Fredericks' claims were capable of being raised in the earlier action. We conclude res judicata bars

4

Fredericks' claims against McCormick and Northern Improvement in this action.

B

[¶15] The district court also concluded res judicata barred Fredericks' claims against Vogel because Vogel was in privity with McCormick and Northern Improvement. The court stated the only difference between this case and the earlier action is the addition of Vogel as a defendant and the alternative theories pled to justify recovery against them. The court concluded the claims against Vogel relied on the same factual allegations involved in the first action and should have been brought in that action.

[¶16] We have held that under our expanded version of privity, attorneys are in privity with their client for purposes of res judicata. *Simpson v. Chicago Pneumatic Tool Co.*, 2005 ND 55, ¶ 10, 693 N.W.2d 612 (citing *Geringer v. Union Elec. Co.*, 731 S.W.2d 859, 866 (Mo. App. 1987); *Merchants State Bank v. Light*, 458 N.W.2d 792, 794 (S.D. 1990); 47 Am.Jur.2d *Judgments* § 691 (1995)). Here, Fredericks alleged Vogel acted wrongfully by working with McCormick to withhold confidential information from Fredericks and breached its duty of loyalty by favoring one client, McCormick, over another client, Native Energy. Fredericks alleged Vogel's actions constituted legal malpractice. Under this Court's expanded version of privity, privity exists between Vogel and McCormick and Northern Improvement in the earlier action for purposes of res judicata.

[¶17] Fredericks' claims against Vogel in this action rely on facts that were litigated in the earlier action. One of the primary issues in the action was McCormick's receipt of a management fee from Native Energy. McCormick provided certain services to Native Energy in exchange for a fee of five percent of Native Energy's revenues. Fredericks alleged Vogel represented Native Energy on the basis of Maurice McCormick's affidavit and Steve McCormick's testimony that Vogel reviewed agreements that were executed by Native Energy and third-party oil companies in 2010-2011. McCormick and Vogel stated that Vogel reviewed the agreements on McCormick's behalf as part of McCormick's management services. The district court in the earlier action

5

found Vogel was representing McCormick not Native Energy when it reviewed the agreements and did not disqualify Vogel from representing McCormick and Northern Improvement. Fredericks appealed the decision not to disqualify Vogel and this Court affirmed. *McCormick v. Fredericks*, 2020 ND 161, ¶ 46. Additionally, the jury found that McCormick's receipt of the management fee was not a breach of a fiduciary duty owed to Native Energy or Fredericks.

[¶18] Fredericks attempted to bring the claims against Vogel he is raising here in the earlier action when he moved to join Vogel as a third-party defendant. The district court denied Fredericks' motion to join Vogel, stating it would be confusing if Vogel was a party to the lawsuit. Fredericks did not raise on appeal the court's order denying Fredericks' motion to join Vogel.

[¶19] "A party with a single cause of action generally may not split that cause of action and maintain several lawsuits for different parts of the action." *Lucas v. Porter*, 2008 ND 160, ¶ 10, 755 N.W.2d 88. Res judicata is premised upon the prohibition against splitting a cause of action. *Id*. "[T]he facts that establish the existence of a right in a plaintiff and an invasion of that right by the defendant constitute a cause of action, and if a right of recovery rests on the same state of facts, the cause of action may not be split." *Id*. at ¶ 18.

[¶20] Fredericks' claims against Vogel in this action rely on the same set of facts litigated in the earlier action. Fredericks' failure to raise on appeal the district court's denial of his motion to join Vogel in the earlier action precludes him from splitting his cause of action by bringing a separate lawsuit against Vogel. We conclude the district court did not err in holding res judicata barred Fredericks' lawsuit against Vogel.

## III

[¶21] We have considered Fredericks' remaining arguments and conclude they are either without merit or not necessary to our decision. The order is affirmed.

[¶22] Gerald W. VandeWalle
      Lisa Fair McEvers
      Daniel J. Crothers
      Jerod E. Tufte
      Jon J. Jensen, C.J.