FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JANUARY 12, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 6

Estate of Leroy E. Seidel,                                      Plaintiff and Appellee

v.

James A. Seidel; Gravel Supply LLC;
and Troy Seidel,                                      Defendants and Appellants

### No. 20200148

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Charles L. Neff, Williston, N.D., for plaintiff and appellee.

Andrew D. Cook, West Fargo, N.D., for defendants and appellants.

**Tufte, Justice.**

[¶1]   James Seidel, Troy Seidel, and Gravel Supply LLC (Defendants) appeal from a judgment awarding the Estate of Leroy Seidel $68,958.75 relating to the Defendants' sale of gravel from certain real property. The Defendants argue Leroy Seidel did not own any gravel interests in the property because he had conveyed his interests to James Seidel in a 2008 warranty deed. We reverse and remand, concluding Leroy Seidel did not own any gravel or other surface mineral interests in the subject property.

I

[¶2]   Leroy Seidel and his brother James Seidel each owned one-half of the mineral interests, including gravel and other surface minerals, relating to certain real property in Sections 20, 21, 27, 28, 29, and 33, Township 156 North, Range 101 West, Williams County. The mineral interests were conveyed to them through mineral deeds by their mother, Hilda Seidel. In 2003, by contract for deed, Hilda Seidel agreed to convey her remaining interest in the property to James Seidel.

[¶3]   In 2006, Leroy Seidel sued James Seidel, alleging James Seidel had exerted undue influence over Hilda Seidel in relation to the 2003 contract for deed. The parties executed a release of claims to settle the case in December 2007. As part of the release, James Seidel paid Leroy Seidel $167,748.35, and Leroy Seidel executed a January 2008 warranty deed conveying his interest in the real property to James Seidel. The warranty deed did not include a reservation of minerals or gravel.

[¶4]   In 2014, Leroy Seidel sued James Seidel, claiming the 2008 warranty deed to James Seidel involved the surface estate and did not include minerals such as oil and gas. The parties settled and executed a stipulation and cross-conveyance of mineral interests, stating each party owned one-half of the minerals under the property. The stipulation and cross-conveyance stated that surface minerals such as clay, scoria, and gravel were not included:

The parties specifically agree that clay, scoria, and gravel are not included in this stipulation and cross-conveyance. Further, the parties specifically agree this stipulation and cross-conveyance in no way construes or interprets the Parties' rights, obligations or intentions in that certain Settlement Agreement entered into by and between the parties in Civil No. 06-C-0248 in District Court, Williams County, North Dakota.

[¶5] In October 2016, Leroy Seidel sued the Defendants for conversion and theft of property. Leroy Seidel alleged that he owned one-half of the gravel and other surface minerals relating to the property and that the Defendants sold gravel from the property without paying him for his share. Leroy Seidel sought money damages and a declaration that the 2008 warranty deed did not convey his surface minerals to James Seidel. Leroy Seidel's estate was substituted as Plaintiff after his death in 2017.

[¶6] The Defendants denied Leroy Seidel's allegations, claiming he did not own the gravel because he conveyed it to James Seidel in the 2008 warranty deed. The Defendants counterclaimed, alleging Leroy Seidel breached the covenants in the 2008 warranty deed and the conditions of the 2014 stipulation and cross-conveyance by suing the Defendants in the instant case. The Defendants sought damages, rescission of the stipulation and cross-conveyance, and attorney's fees.

[¶7] The Defendants moved for summary judgment, claiming the 2008 warranty deed unambiguously conveyed the gravel and other surface minerals to James Seidel. The district court denied the motion, concluding the deed was ambiguous because the release of claims executed before the deed was ambiguous.

[¶8] After a bench trial, the district court concluded the 2008 warranty deed did not convey Leroy Seidel's gravel interests to James Seidel. The court found that on the basis of other documents executed before the warranty deed, the parties did not intend to convey the gravel and Leroy Seidel owned one-half of the gravel interests. The court ordered the Defendants to pay $68,958.75 to Seidel's estate for Leroy Seidel's share of the gravel sold from the property.

II

[¶9]   The Defendants argue res judicata precludes Leroy Seidel's claim that he owns one-half of the gravel interests in the property. They claim Leroy Seidel could have and should have raised the issue of gravel ownership in his 2006 and 2014 lawsuits. They also assert the December 2007 release of claims executed by Leroy and James Seidel prohibited additional claims relating to the property.

[¶10] "Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies." *Fredericks v. Vogel Law Firm*, 2020 ND 171, ¶ 10, 946 N.W.2d 507. Res judicata means a valid, final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or claims that could have been raised, as to the parties and their privies in subsequent actions. *Kulczyk v. Tioga Ready Mix Co.*, 2017 ND 218, ¶ 10, 902 N.W.2d 485. Res judicata should not "be applied so rigidly as to defeat the ends of justice." *Fettig v. Estate of Fettig*, 2019 ND 261, ¶ 15, 934 N.W.2d 547. The applicability of res judicata is a question of law, fully reviewable on appeal. *Fredericks*, at ¶ 10.

[¶11] The district court concluded the release executed in December 2007 to settle the 2006 lawsuit did not cover the claims involved in this case:

> The Release of Claims signed to settle Case No. 06-C-0248 did not cover and did not release any claims which are the subject of this action, which claims had not yet manifested themselves, and are different claims in this action [than] were the subject of the Contract for Deed litigation. Accordingly, the Court declares the settlement reached in Civil Case No. 06-C-0248 did not settle or relate to any of the claims made in this action by Plaintiff against the Defendants.

[¶12] The release states it applies to "any and all past, present or future claims and demands which [Leroy Seidel] has or claims to have for or in any manner in, to, or against the real property above described as well as those claims made in the Complaint and Amended Complaint. This Release and discharge shall

be a fully binding and complete settlement." The release also states "[Leroy Seidel] shall make no further claim to the land above described."

[¶13] Although the 2007 release precluded Leroy Seidel from making additional claims to the property, he sued James Seidel in 2014 claiming the 2008 warranty deed did not involve minerals such as oil and gas. The parties executed a stipulation and cross-conveyance of mineral interests, stating each party owned one-half of the minerals under the property. However, the stipulation and cross-conveyance stated that surface minerals such as clay, scoria, and gravel were not included in the stipulation and cross-conveyance.

[¶14] The earlier lawsuits between Leroy and James Seidel did not involve ownership of gravel and other surface minerals; however, that issue arguably could have been raised. The district court based its decision primarily on the interpretation of the 2008 warranty deed and ownership of the gravel and other surface minerals. Because the district court did not base its decision on res judicata, and because the doctrine should not be rigidly applied, we decline to address whether Leroy Seidel's claims in this case were barred by res judicata. Therefore, we will review the district court's decision on the interpretation of the 2008 warranty deed to resolve the ownership of gravel and other surface minerals. *See Fettig*, 2019 ND 261, ¶ 15 (stating res judicata should not be rigidly applied); *Fed. Land Bank of Saint Paul v. Anderson*, 401 N.W.2d 709, 712 n.2 (N.D. 1987) (declining to address a res judicata argument because the district court based its decision on a different theory).

### III

[¶15] The Defendants argue the district court erred in declaring Leroy Seidel owned one-half of the gravel and other surface minerals relating to the property. They argue Leroy Seidel conveyed his gravel interests to James Seidel under the unambiguous language of the 2008 warranty deed.

[¶16] In *Gerrity Bakken, LLC v. Oasis Petroleum N. Am., LLC*, 2018 ND 180, ¶ 9, 915 N.W.2d 677 (quoting *Johnson v. Shield*, 2015 ND 200, ¶ 7, 868 N.W.2d 368), we explained:

4

We interpret deeds in the same manner as we interpret contracts. N.D.C.C. § 47-09-11. The primary purpose in construing a deed is to ascertain and effectuate the grantor's intent at the time of the conveyance. *Wagner v. Crossland Constr. Co., Inc.*, 2013 ND 219, ¶ 8, 840 N.W.2d 81; N.D.C.C. § 9-07-03. The intent must be ascertained from the writing alone, if possible. N.D.C.C. § 9-07-04. A contract must be construed as a whole to give effect to each provision, if reasonably possible. N.D.C.C. § 9-07-06. If rational arguments can be made in support of contrary positions as to the term, phrase, or clause in question, a deed is ambiguous and a district court may consider extrinsic evidence to determine the parties' intent. *In re Estate of Dionne*, 2009 ND 172, ¶ 16, 772 N.W.2d 891. Whether a deed is ambiguous is a question of law, which is fully reviewable on appeal. *Wagner*, at ¶ 8.

[¶17] In concluding the 2008 warranty deed did not convey gravel interests to James Seidel, the district court found the minerals under the Seidel property had been reserved in earlier deeds, and the 2003 contract for deed between James and Hilda Seidel did not include minerals. The court found the appraisal reports prepared as part of the 2007 settlement "did not value any minerals including surface minerals such as coal, clay, scoria and gravel."

[¶18] The district court concluded that, "at all times material to this action, Leroy E. Seidel was the record title owner" to one-half of the gravel interests. The court reached this conclusion by reasoning that the 2008 warranty deed "could not convey title to any mineral estate including gravel and surface minerals pursuant to [N.D.C.C. § 47-10-25], given the prior intent of gravel and surface minerals being specifically named, in the prior mineral deeds for the Seidel land." Discussing the prior deeds, the court explained: "Section [47-10-25] N.D.C.C. states it does not apply where the surface minerals are specifically reserved by name in a deed, grant or conveyance, as did occur, in the mineral deeds executed in the chain of title for the Seidel land, prior to the 2003 Contract for Deed."

[¶19] Gravel must be specifically reserved by name in a deed:

In all deeds, grants, or conveyances of the title to the surface of real property executed on or after July 1, 1983, in which all or

5

any portion of the minerals are reserved or excepted and thereby effectively precluded from being transferred with the surface, all minerals, of any nature whatsoever, shall be construed to be reserved or excepted except those minerals specifically excluded by name in the deed, grant, or conveyance and their compounds and byproducts. *Gravel, clay, and scoria shall be transferred with the surface estate unless specifically reserved by name in the deed, grant, or conveyance.*

N.D.C.C. § 47-10-25 (emphasis added).

[¶20] Section 47-09-16, N.D.C.C., provides, "A transfer vests in the transferee all the actual title to the thing transferred which the transferor then has unless a different intention is expressed or is necessarily implied. It also transfers all its incidents unless expressly excepted." "[E]xceptions or reservations of property in a deed should be set forth with the same prominence as the property granted and should be so explicit as to leave no room for doubt." *N. Shore, Inc. v. Wakefield*, 530 N.W.2d 297, 300 (N.D. 1995).

[¶21] Here, the document at issue is the 2008 warranty deed, not the release of claims executed before the deed and not prior deeds in the chain of title. We conclude the language of the deed is unambiguous, and the parties' intent can be ascertained from the deed alone. The district court erred in reading the last sentence of N.D.C.C. § 47-10-25 to be satisfied when there was a specific reservation in "a deed," and relied on prior mineral deeds appearing in the chain of title. The plain language of N.D.C.C. § 47-10-25 specifies a rule of interpretation for "all deeds" executed after July 1, 1983. Unless "the deed" specifically reserves gravel, the gravel "shall be transferred with the surface." Here, "the deed" refers to the 2008 deed, the instrument effecting the transfer in question. If we interpreted this section to reserve gravel, clay, and scoria when these surface minerals have been specifically reserved in *any* deed in the chain of title, we would convert a clear rule of interpretation that requires only the deed in question to determine what is conveyed into an unclear rule requiring examination of every deed in the chain of title.

[¶22] The 2008 warranty deed conveyed Leroy Seidel's interest in the real property to James Seidel. Although Hilda Seidel conveyed the surface

6

minerals, including gravel, to Leroy Seidel in earlier mineral deeds, the 2008 warranty deed conveyed all of Leroy Seidel's interest in the property under N.D.C.C. § 47-09-16. The warranty deed did not specifically reserve the gravel or other surface minerals as required by N.D.C.C. § 47-10-25. Therefore, Leroy Seidel conveyed the property, including gravel and other surface minerals, to James Seidel.

[¶23] Leroy Seidel claims the release of claims and the warranty deed should be taken together to determine the parties did not intend to include the gravel. Under N.D.C.C. § 9-07-07, "[s]everal contracts relating to the same matters between the same parties and made as parts of substantially one transaction are to be taken together." We are not persuaded by that argument. Even if we read the two documents together, neither the release nor the warranty deed states the gravel was excluded from the conveyance. *See N. Shore, Inc.*, 530 N.W.2d at 300 (stating exceptions or reservations in a deed should be so explicit as to leave no room for doubt). Ultimately, the actual intent of the parties shown in unrecorded documents does not control where the law imputes intent to the parties based on unambiguous documents of record. *See Lario Oil & Gas Co. v. EOG Res., Inc.*, 2013 ND 98, ¶ 17, 832 N.W.2d 49 (VandeWalle, C.J., concurring specially) (emphasizing the need for certainty of title). Nothing collateral to the 2008 warranty deed creates an ambiguity. The legal descriptions in the deed are clear, and the gravel was not specifically reserved as required by N.D.C.C. § 47-10-25.

[¶24] We conclude the district court erred by concluding the 2008 warranty deed was ambiguous and N.D.C.C. § 47-10-25 did not apply because the gravel had been reserved or conveyed in earlier deeds. We conclude the 2008 warranty deed is unambiguous, and under the deed's plain language, Leroy Seidel conveyed his gravel interest in the property to James Seidel because Leroy Seidel did not specifically reserve the gravel as required by N.D.C.C. § 47-10-25. We therefore reverse that part of the judgment ruling that the 2008 warranty deed did not convey any gravel or other surface minerals. We reverse that part of the judgment ordering the Defendants to pay Leroy Seidel's estate $68,958.75, and we remand for the court to address the Defendants' counterclaims.

## IV

[¶25] The judgment is reversed and remanded for further proceedings.

[¶26] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte