2017 ND 68

**A.R. AUDIT SERVICES, INC.,**
**Plaintiff and Appellee**

v.

**Charles TUTTLE, Defendant**
**and Appellant**

No. 20160162

Supreme Court of North Dakota.

Filed 03/30/2017

Laura C. Ringsak, 103 South Third Street, Suite 6, Bismarck, N.D. 58501, for plaintiff and appellee; submitted on brief.

Lynn M. Boughey, Box 836, Bismarck, N.D. 58502–0836, for defendant and appellant.

VandeWalle, Chief Justice.

[¶ 1] Charles Tuttle appealed a district court judgment awarding A.R. Audit Services, Inc., money damages relating to medical services Trinity Health provided to Tuttle. We modify the judgment to reimburse Tuttle for paying A.R. Audit's $80 filing fee, and affirm the judgment as modified.

I

[¶ 2] Trinity Health provided Tuttle with $127,001.07 in medical services. Tuttle applied for financial assistance with Trinity, but was denied. Tuttle failed to pay the medical bill after Trinity demanded payment. Trinity subsequently assigned the debt to A.R. Audit Services.

[¶ 3] A.R. Audit sued Tuttle to collect the medical debt. Tuttle counterclaimed, alleging A.R. Audit failed to provide him thirty days to respond to the debt collection demand. A.R. Audit moved for summary judgment, arguing Tuttle was responsible for the entire debt because he failed to provide to Trinity information necessary to complete the application for financial assistance. Tuttle responded with a motion to dismiss, arguing Trinity should have sued him to collect the debt instead of A.R. Audit. He also claimed Trinity representatives told him he qualified for financial assistance with Trinity and would not owe any money to Trinity. The district court denied Tuttle's motion to dismiss, dismissed his counterclaims, and granted A.R. Audit's summary judgment motion, concluding Tuttle failed to show he was not responsible for the debt.

II

[¶ 4] Tuttle argues the district court erred in granting A.R. Audit's motion for summary judgment. Tuttle contends a genuine issue of material fact exists in that he claims Trinity representatives informed him he did not owe any money for the medical services provided to him because he qualified for financial assistance.

[¶ 5] Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. Superior, Inc. v. Behlen Mfg. Co., 2007 ND 141, ¶ 6, 738 N.W.2d 19. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. Id. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. Id. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Stockman Bank of Montana v. AGSCO, Inc., 2007 ND 26, ¶ 9, 728 N.W.2d 142. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. Id. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. Id. A district court's deci-

sion on summary judgment is a question of law that we review de novo on the record. Superior, at ¶ 6.

[¶ 6] To support its motion for summary judgment, A.R. Audit submitted five letters from Trinity addressed to Tuttle regarding his application for financial assistance. Some of the letters request Tuttle provide additional information to complete his application for financial assistance, such as tax returns, bank statements, and pay stubs. The remaining letters state Trinity denied Tuttle's application for financial assistance because he did not provide all of the information necessary to process his application. A.R. Audit also submitted an affidavit from Kathy Marchand, Trinity's financial counselor. Marchand's affidavit states Tuttle was advised he did not qualify for financial assistance because he failed to provide information necessary to process his application.

[¶ 7] In opposing A.R. Audit's summary judgment motion, Tuttle submitted an affidavit signed by himself. Tuttle states he was repeatedly informed by Trinity representatives that he did not owe any money because he qualified for financial assistance. Tuttle provides very little detail regarding the conversations he stated he had with representatives from Trinity. He does not provide all of the names of the Trinity representatives he spoke to, nor does he refer to any dates the conversations took place. He states Marchand told him "she would handle it" after he received the denial letters. Marchand's affidavit disputes Tuttle's claims in his affidavit. Standing alone, these competing affidavits may create a disputed fact issue, however, Marchand's affidavit is supported by additional evidence stating Tuttle did not qualify for financial assistance. Tuttle's affidavit contains conclusory statements with no additional evidence supporting those statements. In light of all of the evidence submitted by A.R. Audit contradicting Tuttle's claims, we conclude a reasonable person could reach only one conclusion from the facts, and the district court did not err in granting A.R. Audit's motion for summary judgment.

### III

[¶ 8] Tuttle argues he should be reimbursed $80 for paying A.R. Audit's filing fee with the district court. Tuttle filed his answer and counterclaim with the court before A.R. Audit filed its complaint. Under N.D.C.C. §§ 27–05.2–03(1)(a) and (b), a plaintiff must pay $80 to file a complaint with the court, and a defendant must pay $50 to file an answer. Because Tuttle filed his answer and counterclaim before A.R. Audit filed its complaint, he was required to pay both filing fees. The record indicates Tuttle was not reimbursed for paying A.R. Audit's filing fee. We modify the judgment to reduce the amount Tuttle owes A.R. Audit by $80.

### IV

[¶ 9] We have considered Tuttle's remaining arguments and conclude they are either unnecessary to our decision or without merit. We affirm the judgment as modified.

[¶ 10] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers