Jensen, Justice.
 

 [¶ 1] Robert Pettinger ("Pettinger") appeals from a district court judgment dismissing his lawsuit against the estate of his brother, James Pettinger ("the Estate"). The court granted summary judgment in favor of the Estate, concluding Pettinger's lawsuit was untimely and barred by the applicable statute of limitations. Pettinger contends material questions of fact exist precluding summary judgment. We affirm.
 

 I
 

 [¶ 2] In August 2016, following the denial of Pettinger's claim against the Estate, Pettinger sued John Carroll, personal representative of the Estate. Pettinger alleged he gave his brother nearly $110,000 to invest in the late 1980s and early 1990s and that the funds had not been returned. Pettinger alleged the Estate was wrongfully in possession of his investment funds and requested more than $1.5 million from the Estate for the return of his initial investment plus interest.
 

 [¶ 3] Pettinger asserted that about ten years after he gave the funds to his brother he began asking his brother to return his money, but his brother refused or otherwise ignored the requests. Pettinger again requested the return of his money in 2007, but his brother continued to refuse or ignore the requests.
 

 [¶ 4] The Estate moved for summary judgment, arguing Pettinger's lawsuit was barred by the statute of limitations. The Estate argued Pettinger "knew or should have known as early as 2003 that James did not intend to return the alleged investments ... belonging to Robert." The Estate argued Pettinger should have sued his brother within six years after Pettinger last requested the return of his money in 2007. Pettinger argued in response that his claim against his brother did not arise in 2007 because his brother did not expressly state he would not return the money. Pettinger asserted he did not know his money would not be returned until the Estate denied his claim.
 

 [¶ 5] Pettinger did not plead in his complaint, but argued in response to the Estate's motion for summary judgment, that an implied trust was created when he gave his brother money to invest. Pettinger contended the existence of a trust delayed the six-year time period for initiating a lawsuit
 
 *308
 
 against his brother until the trust was repudiated by Carroll's denial of his claim against the Estate in 2016.
 

 [¶ 6] The district court granted the Estate's motion for summary judgment, concluding Pettinger's claim against his brother's estate was statutorily time-barred. The court held Pettinger's cause of action began to accrue in 2007 because a reasonable person under the same circumstances should have known a cause of action existed. The court dismissed Pettinger's lawsuit with prejudice.
 

 II
 

 [¶ 7] Pettinger argues the district court erred in granting the Estate summary judgment. This Court's standard of review for summary judgment is well established:
 

 Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.
 

 A.R. Audit Servs., Inc. v. Tuttle
 
 ,
 
 2017 ND 68
 
 , ¶ 5,
 
 891 N.W.2d 757
 
 (internal citations omitted).
 

 [¶ 8] Pettinger alleged the Estate wrongfully possessed his investment funds. Under N.D.C.C. § 28-01-16(4), "[a]n action ... for the specific recovery of personal property must be commenced within six years after the claim for relief has accrued." "Generally, the statute of limitations begins to run from the commission of the wrongful act giving rise to the cause of action; however, that rule is subject to a discovery rule."
 
 Larson v. Midland Hosp. Supply, Inc.
 
 ,
 
 2016 ND 214
 
 , ¶ 11,
 
 891 N.W.2d 364
 
 . The discovery rule postpones a claim's accrual until the plaintiff knew, or with reasonable diligence should have known, of the wrongful act and its resulting injury.
 

 Id.
 

 (citing
 
 Wells v. First Am. Bank W.
 
 ,
 
 1999 ND 170
 
 , ¶ 10,
 
 598 N.W.2d 834
 
 ). Courts use an objective standard for the knowledge requirement under the discovery rule, focusing on whether the plaintiff was aware of facts that would place a reasonable person on notice a potential claim exists, without regard to the plaintiff's subjective beliefs.
 
 Larson
 
 , at ¶ 11 (citing
 
 Wells
 
 , at ¶ 10 ). The determination of when a plaintiff's cause of action has accrued is generally a question of fact, but if the relevant facts are undisputed, the determination is for the court.
 
 Larson
 
 , at ¶ 11.
 

 *309
 
 [¶ 9] Both parties agree that the applicable statute of limitations is six years and the issue on appeal is limited to when the limitations period began to run. In other words, when did Pettinger's cause of action against his brother accrue? The parties agree to the relevant facts and contest only the legal significance of those facts. Pettinger argues the district court wrongfully concluded that there are no material questions of fact about when his cause of action arose, erred in concluding his cause of action arose in 2007, and erred in concluding his cause of action was time barred.
 

 [¶ 10] The district court concluded Pettinger's cause of action accrued in 2007 and reasonable persons could reach only one conclusion from the evidence. After addressing the applicable law, including the discovery rule, the court provided the following analysis:
 

 Viewing the evidence in the light most favorable to Robert, Robert discovered that his brother James would not be returning the funds no later than 2007, when he definitively, by his own admission, had a serious conversation with James about the funds. After that conversation, James "walked away" after years of "putting it off" over and over again. Under these facts, there is no question that Robert was aware his brother intended to keep the money indefinitely. A reasonable person under the same circumstances should have known that a potential cause of action existed, because after repeatedly requesting the return of their funds, they had not been returned and the person who possessed them kept refusing to speak about the funds or release them for over ten years.... Robert discovered the cause of action in 2007, and therefore the cause of action began to accrue in 2007. A claim based on a taking of personal property has a statutory limit of six years. Because Robert did not file an action until long after 2013, his claim is statutorily barred.
 

 ... The parties do not disagree about whether Robert asked for his funds back, or that James may have taken the funds, instead they disagree only about the legal significance of the events. As a result, the determination is for this Court. The Court finds that there is no dispute of facts regarding these incidents. A reasonable person would have [been] on notice that a cause of action existed. Robert gave funds to his brother, expecting them to be returned. The funds were not returned after years of asking. Robert chose to do nothing rather than investigate or exercise his legal rights.
 

 [¶ 11] Pettinger inquired about his money for years, and his brother refused to discuss the issue or return the funds. Pettinger testified in a deposition that in 2003 he approached his brother "four or five times, and he just kept putting it off and putting it off and putting it off." Pettinger testified that later in 2003 he "called him a couple, two, three times and he just come up with some excuse every time." Pettinger testified that a few years later in 2007 he had subsequent conversations with his brother about the funds:
 

 Q. Okay. And so at that point in time did you ask him for all your money back?
 

 A. Yeah.
 

 Q. And did he refuse?
 

 A. Right.
 

 Q. Tell me a little bit about-
 

 A. He just blew it off. He didn't want to talk about it.
 

 ....
 

 Q. So this would have been 2006, 2007-
 

 A. Right.
 

 *310
 
 Q.-you had a serious conversation with him?
 

 A. Yeah.
 

 Q. Tell me about that.
 

 A. I brought it up to him and he didn't want to talk about it. He just walked away.
 

 Q. What did you say to him?
 

 A. I told him I wanted my money.
 

 Q. And he didn't give you your money.
 

 A. He just didn't want to talk about it.
 

 ....
 

 Q. Did that concern you?
 

 A. Yes, very much so.
 

 ....
 

 Q. At that point were you concerned you weren't going to get paid?
 

 A. I was very concerned, yes.
 

 Q. And that he wouldn't hold up his end of the agreement?
 

 A. Right. And I probably should have done something legal at that point.
 

 ....
 

 Q. And then you had subsequent conversation after that in 2007, 2008, and again you didn't get-he wouldn't give you your money?
 

 A. Right.
 

 Q. And were you still concerned at that point in time that-
 

 A. Very concerned.
 

 [¶ 12] When Pettinger knew or should have known that his brother was unwilling to return the money would ordinarily be resolved as a question of fact. The district court concluded that because only one conclusion could be reached from the relevant facts, that particular question of fact could be answered as a matter of law.
 
 See
 

 A.R. Audit Servs., Inc.
 
 ,
 
 2017 ND 68
 
 , ¶ 5,
 
 891 N.W.2d 757
 
 (questions of fact may become questions of law when reasonable persons can reach only one conclusion from the evidence). We agree with the district court that only one conclusion can be reached from the evidence. A reasonable person under the same circumstances should have known a cause of action existed after repeatedly requesting a return of his or her funds for years without success. Pettinger knew or should have known his brother was not going to return the money no later than 2007 and his cause of action should have been brought no less than six years later. The district court did not err in concluding the six-year statute of limitations under N.D.C.C. § 28-01-16(4) barred Pettinger's lawsuit.
 

 III
 

 [¶ 13] Pettinger argues that an implied trust existed between himself and his brother. Pettinger contends the existence of a trust delayed the start of the six-year statute of limitations until the trust was expressly repudiated. Pettinger asserts the denial of his claim against the Estate repudiated the trust.
 

 [¶ 14] Pettinger did not allege the existence of an implied trust in his complaint. Pettinger sought the return of his investment funds under a theory of claim and delivery for the recovery of personal property.
 
 See
 
 N.D.C.C. ch. 32-07. Pettinger did not move to amend his complaint to allege the existence of an implied trust. Pettinger first asserted the implied trust theory in response to the Estate's motion for summary judgment. Pettinger argued that "[w]hen Robert gave his brother James money to invest, it was akin to holding it in trust." Pettinger then argued the alleged trust was not repudiated until the Estate denied his claim because while his brother was living he did not clearly state "I am never giving your money back."
 

 [¶ 15] Pettinger contends that pleading the existence of an implied trust in his complaint is not necessary for our review
 
 *311
 
 of the issue on appeal because the district court addressed the implied trust issue in its order granting summary judgment. Thus, he argues the issue is properly before this Court.
 

 [¶ 16] Pettinger correctly acknowledges the district court's order granting the Estate summary judgment addresses his implied trust argument. That discussion, however, is limited to a single paragraph. In that paragraph the court expressly noted: "Robert has not pled or otherwise alleged that he and James created an implied trust. There is no evidence of an intent to enter a trustee-beneficiary relationship at the time of the transfer. It has not been alleged except on the statute of limitations issue."
 

 [¶ 17] "For an effective appeal on a proper issue, the issue must have been raised in the trial court so the trial court could rule on it."
 
 Ruud v. Frandson
 
 ,
 
 2005 ND 174
 
 , ¶ 10,
 
 704 N.W.2d 852
 
 . Pettinger did not include a claim of an implied trust in his complaint and did not move to amend his complaint. The district court briefly discussed the issue, but ultimately held Pettinger's implied trust claim had not been pled and Pettinger did not submit evidence showing he and his brother intended to enter a trustee-beneficiary relationship. We conclude Pettinger failed to plead and adequately brief the implied trust issue to the district court, and we will not consider the issue on appeal.
 
 See
 

 Darby v. Swenson Inc.
 
 ,
 
 2009 ND 103
 
 , ¶ 22,
 
 767 N.W.2d 147
 
 (failure to plead and adequately brief unconscionability precluded review of the issue on appeal).
 

 IV
 

 [¶ 18] Pettinger's cause of action against his brother arose no later than 2007, and his failure to sue his brother within the six-year statute of limitations barred his lawsuit against the Estate. The judgment dismissing Pettinger's lawsuit is affirmed.
 

 [¶ 19] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.