McEvers, Justice.
 

 [¶ 1] Bradley and Karol Johnson appeal from a judgment granting the Barna, Guzy, & Steffen, Ltd., law firm ("BGS") foreclosure of a real estate mortgage for payment of a $258,769.97 debt and from an order denying their N.D.R.Civ.P. 60(b) motion for relief from judgment. Because the Johnsons have not established that the district court erred in any of its rulings, we affirm the judgment, as modified, and the order denying the motion for relief from judgment.
 

 I
 

 [¶ 2] In 2013 the Johnsons retained BGS to represent them in a lawsuit in connection with the probate of the estate of Bradley Johnson's father in Minnesota. The Johnsons reside in, and BGS is located in, the Minneapolis, Minnesota area. BGS extended credit to the Johnsons for costs, fees, and expenses that would be incurred in representing them in the lawsuit through a revolving line of credit agreement and a revolving promissory note. To secure payment, the Johnsons executed a mortgage on land they owned in McHenry and Sheridan counties in North Dakota. The mortgage required the Johnsons to pay all of the principal and interest on the indebtedness when due to BGS. In early 2014 the parties amended the revolving line of credit agreement and the revolving promissory note and executed a mortgage modification agreement to reflect an increase in the amount of credit extended to $200,000.
 

 [¶ 3] The Johnsons failed to make the payments to BGS as required under the loan agreements. In 2015 BGS brought this action against the Johnsons and others in North Dakota to foreclose the mortgage. The Johnsons counterclaimed against BGS, alleging its attorneys committed legal malpractice and other torts during the Minnesota legal proceedings. The district court ultimately dismissed the Johnsons' counterclaim without prejudice for lack of subject matter jurisdiction under N.D.R.Civ.P. 12(h)(3). The court granted summary judgment for foreclosure on the North Dakota property in favor of BGS, concluding the Johnsons were indebted to BGS in the amount of $258,769.97 under the loan agreements
 with interest continuing to accrue. The Johnsons then filed a motion for recusal and a motion for relief from the judgment under N.D.R.Civ.P. 60(b). The court denied both motions.
 

 II
 

 [¶ 4] The Johnsons argue the district court erred in granting summary judgment of foreclosure in favor of BGS and in denying their motion for relief from judgment under N.D.R.Civ.P. 60(b).
 

 [¶ 5] This Court's standard of review for summary judgments is well established:
 

 Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.
 

 Pettinger v. Carroll
 
 ,
 
 2018 ND 140
 
 , ¶ 7,
 
 912 N.W.2d 305
 
 (quoting
 
 A.R. Audit Servs., Inc. v. Tuttle
 
 ,
 
 2017 ND 68
 
 , ¶ 5,
 
 891 N.W.2d 757
 
 ).
 

 [¶ 6] In
 
 Flaten v. Couture
 
 ,
 
 2018 ND 136
 
 , ¶¶ 27, 29,
 
 912 N.W.2d 330
 
 , we explained:
 

 A district court's decision ... on a motion for relief from judgment under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion.
 
 Werven v. Werven
 
 ,
 
 2016 ND 60
 
 , ¶ 24,
 
 877 N.W.2d 9
 
 . A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.
 

 Id.
 

 ....
 

 Rule 60(b)(1), N.D.R.Civ.P., may be used to relieve a party from a judgment for mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(6), N.D.R.Civ.P., is the "catchall provision" that allows a court to grant relief for "any other reason that justifies relief" and should be invoked only when extraordinary circumstances are present.
 
 Kautzman v. Doll
 
 ,
 
 2018 ND 23
 
 , ¶ 14,
 
 905 N.W.2d 744
 
 . Rule 60(b), N.D.R.Civ.P., is not to be used as a substitute for an appeal or to relieve parties from calculated and deliberate choices they have made, and parties are obligated to take legal steps to protect their own interests.
 
 Kautzman
 
 , at ¶ 14 ;
 
 State v. White
 
 ,
 
 2018 ND 58
 
 , ¶ 14,
 
 907 N.W.2d 765
 
 . The moving party has the burden to establish sufficient grounds for disturbing the
 finality of the judgment.
 
 Kukla v. Kukla
 
 ,
 
 2013 ND 192
 
 , ¶ 24,
 
 838 N.W.2d 434
 
 .
 

 A
 

 [¶ 7] Throughout these proceedings the Johnsons' major argument has been that they are the victims of a massive conspiracy to obtain their North Dakota property. Participants in the alleged conspiracy include the district court judge in this case and the clerk of court; the attorneys representing BGS and other defendants in this action; the judicial referee, district court judge and their BGS attorneys in the Minnesota lawsuit; Bradley Johnson's mother, who was the opposing party in the Minnesota litigation, and her attorney; and three other Minnesota district court judges and the Minnesota Office of Lawyers Professional Responsibility. The Johnsons also claim there was fraud on the court and that essentially everyone involved in the North Dakota and Minnesota proceedings committed fraud or some other type of misconduct.
 

 [¶ 8] The Johnsons' conclusory allegations in their appellate brief, without citing to any evidence in the record to support their contentions, are insufficient to raise a genuine issue of material fact to defeat summary judgment or to show the district court abused its discretion in denying the motion for relief from judgment.
 
 See, e.g.,
 

 Riemers v. Peters-Riemers
 
 ,
 
 2004 ND 153
 
 , ¶ 7,
 
 684 N.W.2d 619
 
 . As the district court explained:
 

 Additionally, in response to the accusation that the Court has somehow acted unethically, or was a party to fraudulent activity in this case, the Court denies the same. The Court did not engage in any
 
 ex parte
 
 communications with the attorneys in this matter before the hearing on the Plaintiff's Motion for Partial Summary Judgment. The Court has considered the entire record in arriving at its decisions, and does not find that the Defendants are entitled for relief from Judgment on the basis of fraudulent activity.
 

 [¶ 9] We conclude the Johnsons' allegations of conspiracy, fraud, and other misconduct are without merit.
 

 B
 

 [¶ 10] The Johnsons argue their due process rights were denied in this case. The Johnsons appear to contend the summary judgment procedure violated their procedural due process rights by denying them a trial.
 

 [¶ 11] "Generally, '[p]rocedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case.' "
 
 St. Claire v. St. Claire
 
 ,
 
 2004 ND 39
 
 , ¶ 6,
 
 675 N.W.2d 175
 
 (quoting
 
 Walbert v. Walbert
 
 ,
 
 1997 ND 164
 
 , ¶ 9,
 
 567 N.W.2d 829
 
 ).
 

 [¶ 12] The Johnsons have not established that they were denied a meaningful opportunity to be heard in these proceedings. They had notice and were provided a hearing on the motion for summary judgment. Summary judgment is designed for the prompt resolution of "a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts."
 
 Pettinger
 
 ,
 
 2018 ND 140
 
 , ¶ 7,
 
 912 N.W.2d 305
 
 . Although the Johnsons requested a "continuance" at the summary judgment proceedings, they did not file an affidavit under N.D.R.Civ.P. 56(f) specifying "what particular information is sought, how that information would preclude summary judgment, and why it has not been obtained."
 
 Alerus Fin., N.A. v. Erwin
 
 ,
 
 2018 ND 119
 
 , ¶ 25,
 
 911 N.W.2d 296
 
 . We do not apply statutes or rules differently when parties
 are self-represented.
 
 See, e.g.
 
 ,
 
 Schwab v. Zajac
 
 ,
 
 2012 ND 239
 
 , ¶ 23,
 
 823 N.W.2d 737
 
 . We conclude the Johnsons' due process rights were not violated by their failure to present evidence sufficient to create a triable issue of fact.
 
 See, e.g.,
 

 Patterson v. Infinity Ins. Co.
 
 ,
 
 303 P.3d 493
 
 , 499 (Alaska 2013) (even as applied to pro se litigants, summary judgment procedure is adequate to prevent violation of due process or right to jury trial).
 

 C
 

 [¶ 13] The Johnsons argue the district court erred in relying on the affidavit of Charles Seykora, a partner in BGS, to establish their debt to BGS. They claim Seykora could not have any knowledge about the legal services provided by the BGS attorneys who represented them in the Minnesota lawsuit.
 

 [¶ 14] In a January 2016 affidavit, Seykora stated he had "personal knowledge regarding the matters set forth in this Affidavit" and continued:
 

 I am familiar with, and have reviewed, the amounts owed by Defendants Bradley and Karol Johnson to Plaintiff under the Revolving Line of Credit Agreement, the Revolving Promissory Note, the Amended and Restated Line of Credit Agreement and the Amended and Restated Revolving Line of Credit Agreement. Despite due demands being made, Bradley and Karol Johnson failed to make the payments required to BGS as required under those agreements. The entire amount of the unpaid principal and interest under the Revolving Promissory Note, Amended and Restated Revolving Promissory Note, Mortgage, and Mortgage Modification Agreement remaining due and payable is as follows:
 

 ?
 

 Interest continues to accrue from and after February 5, 2015, at the rate of six percent (6.0%) per annum.
 

 [¶ 15] The Johnsons appear to argue that the actual billing statements from BGS should have been entered in evidence. However, the affidavit summarizes the amounts billed to the Johnsons. If the Johnsons disagreed with the amount, they could have sought production of those documents under the discovery provisions of N.D.R.Civ.P. 26(b) and N.D.R.Civ.P. 45, but they did not do so. We conclude this argument is without merit.
 

 D
 

 [¶ 16] The Johnsons argue the district court erred in determining their debt to BGS was $258,769.97, because this amount exceeds their $200,000 line of credit.
 

 [¶ 17] The loan agreements allow BGS to recover the full amount of the Johnsons' indebtedness. The amended revolving line of credit agreement stated:
 

 To secure the payment of principal of and interest on the Amended Revolving Note, and to further secure the payment and performance of each and every other debt, liability or obligation of every type or description which the Borrower may now or hereafter owe to BGS, whether such debt, liability or obligation be now existing or hereafter arising, ... the Borrower shall grant to BGS a mortgage interest ... in the real property
 ... described in the copy of the Mortgage ... and the Mortgage Modification Agreement.
 

 It also stated:
 

 In no event shall the Borrower be entitled to any Advance or Advances in excess of Two Hundred Thousand and No/100 Dollars ($200,000.00), and in the event the outstanding principal balance of the Amended Revolving Note exceeds that limit at any time, Borrower shall pay down the principal balance to a balance below that limit.
 

 The amended revolving promissory note also stated it "is funded pursuant to the terms of and entitled to the benefits and burdens of the original" and amended revolving line of credit agreement. The mortgage specifically secures "all amendments, renewals, extensions and modifications thereof ... [and] the payment of all other sums with interest thereon as may be advanced by Mortgagee in accordance with this Mortgage."
 

 [¶ 18] "We construe written contracts to give effect to the parties' mutual intention when the contract was formed, and if possible, we look to the writing alone to determine the parties' intent."
 
 Myaer v. Nodak Mut. Ins. Co.
 
 ,
 
 2012 ND 21
 
 , ¶ 10,
 
 812 N.W.2d 345
 
 . "Under N.D.C.C. § 9-07-07, several contracts relating to the same matter between the same parties and made as part of substantially one transaction must be construed together."
 
 Grynberg v. Dome Petroleum Corp.
 
 ,
 
 1999 ND 167
 
 , ¶ 10,
 
 599 N.W.2d 261
 
 . The parties' loan agreements in this case clearly contemplated that the Johnsons' indebtedness with interest could exceed the $200,000 line of credit. We conclude BGS's recovery was not limited to $200,000.
 

 [¶ 19] The district court did not err in granting summary judgment in favor of BGS and did not abuse its discretion in denying the Johnsons' N.D.R.Civ.P. 60(b) motion for relief from judgment.
 

 III
 

 [¶ 20] The Johnsons do not challenge the district court's dismissal of their counterclaim. The Johnsons did not list the dismissal in their statement of issues, and to the extent they hint at their displeasure in passing in their appellate brief, the issue is waived by the Johnsons' failure to provide any supporting argument.
 
 See, e.g.
 
 ,
 
 In re J.S.
 
 ,
 
 2008 ND 9
 
 , ¶ 13,
 
 743 N.W.2d 808
 
 ;
 
 Schue v. Jacoby
 
 ,
 
 162 N.W.2d 377
 
 , 384 (N.D. 1968). Therefore, we do not address whether the court properly dismissed the counterclaim. However, it is undisputed that the court intended to dismiss the counterclaim "without prejudice." Because the judgment does not state the dismissal is "without prejudice," we modify the judgment to clarify that the Johnsons' counterclaim is dismissed "without prejudice."
 

 IV
 

 [¶ 21] We do not address other arguments raised because they are unnecessary to the decision or are without merit. We affirm the judgment, as modified, and the order denying the motion for relief from judgment.
 

 [¶ 22] Lisa Fair McEvers
 

 Carol Ronning Kapsner
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.
 

 [¶ 23] The Honorable Carol Ronning Kapsner, S.J., sitting in place of Crothers, J., disqualified.