Substitute Opinion Page 10, Paragraph 26 and Page 12, Paragraph 31 filed 11/21/19

**Filed 11/20/19 by Clerk of Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2019 ND 268

James Broten,

Plaintiff and Appellant

v.

Ralph Carter; Carter, McDonagh & Sandberg,
PLLP; and Carter Law Firm,

Defendants and Appellees

### No. 20190098

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Lee M.Grossman (argued) and Nathan D. Severson (on brief), Fargo, ND, for plaintiff and appellant.

Ronald H. McLean (argued) and Ian R. McLean (on brief), Fargo, ND, for defendants and appellees.

**Jensen, Justice.**

[¶1] James Broten appeals the dismissal of his attorney malpractice claim. Broten argues the district court erred in granting summary judgment after finding his claim was barred by the applicable statute of limitations. He also challenges the inclusion of expert witness fees within the expenses awarded by the district court for experts who were unnecessary for resolution of the statute of limitations issue. We affirm.

I

[¶2] Broten was appointed to serve as the personal representative of his father's estate. Broten was subsequently sued by his sisters who claimed Broten had breached his fiduciary duties as personal representative by transferring land held in the trust to himself. In 2011, attorney Ralph Carter was retained by Broten to defend him against his sisters' claims.

[¶3] During Carter's representation, Broten showed Carter approximately sixty boxes of records Broten believed documented payments to his parents and provided a defense to his sisters' claims. Broten repeatedly inquired with Carter about his review of the records. The records were not disclosed to the opposing party during discovery but disclosed after Carter was replaced as Broten's counsel in March of 2013.

[¶4] On August 15, 2013, the district court entered findings of fact, conclusions of law, and an order finding Broten had breached his fiduciary duties as personal representative of his father's estate. The court reserved its findings on damages and ordered an evidentiary hearing to determine the amount of damages. On January 21, 2014, following the evidentiary hearing, the court issued a memorandum opinion and order for judgment requiring Broten to pay damages to his sisters in an amount of $1,300,054.

[¶5] On January 14, 2016, Broten commenced this action for legal malpractice claiming Carter failed to review the records Broten had provided

to Carter to support Broten's defense to the breach of fiduciary duty claim asserted by his sisters. Broten alleges Carter's failure to review and disclose the documents prevented all of the records from being introduced as evidence and resulted in the liability to his sisters. Carter moved for summary judgment, arguing the applicable two year statute of limitations barred Broten's claim. The district court granted summary judgment in favor of Carter and awarded to Carter the recovery of costs and fees, including the costs expended for expert witnesses who were unnecessary for resolution of the statute of limitations issue. On February 25, 2019, the district court entered a judgment dismissing Broten's claims in their entirety, with prejudice.

[¶6]   Broten argues the district court erred in granting summary judgment because the statute of limitations had not run on his malpractice claim against Carter. He also argues the district court erred in granting expert witness fees for experts who were unnecessary for Carter to prevail on the summary judgment motion.

## II

[¶7]   Broten contends the district court erred in granting Carter summary judgment after finding the statute of limitations for asserting his malpractice claim had expired before he initiated this action. This Court's standard of review for summary judgment is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory

2

allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Pettinger v. Carroll*, 2018 ND 140, ¶ 7, 912 N.W.2d 305 (quoting *A.R. Audit Servs., Inc. v. Tuttle*, 2017 ND 68, ¶ 5, 891 N.W.2d 757 (internal citations omitted)).

[¶8] The parties agree an action for legal malpractice is governed by the two year statute of limitations provided by N.D.C.C. § 28-01-18(3). Under N.D.C.C. § 28-01-18(3), a client must commence a malpractice suit within two years after the claim for relief has accrued. *Larson v. Norkot Mfg., Inc.*, 2001 ND 103, ¶ 9, 627 N.W.2d 386. "A cause of action for legal malpractice does not accrue, and the statute of limitations does not commence to run, until the client has incurred some damage." *Id.* (quoting *Wall v. Lewis*, 366 N.W.2d 471, 473 (N.D. 1985)). The action accrues when there is a conjunction of damage and wrongful act. *Jacobsen v. Haugen*, 529 N.W.2d 882, 885 (N.D. 1995).

[¶9] The district court concluded the only reasonable conclusion that can be drawn from the undisputed facts is Broten's action accrued on August 15, 2013, the date of the order finding Broten breached his fiduciary duty to his sisters and reserving the determination of damages arising from the breach. Broten argues there is a material question of fact precluding summary judgment because August 15, 2013, is not the only date that can be reasonably considered as the date he was placed on notice of his potential malpractice claim against Carter. Broten argues the August 15, 2013, order finding he breached his fiduciary duty allowed him to prove an offset to potentially all the damages, and it was not until the January 21, 2014, order awarding damages for the breach of his fiduciary duty he actually became aware he would have an obligation to his sisters. Broten contends the uncertainty of whether the offsets

3

would eliminate any potential obligation to his sisters creates a question of fact of whether the statute of limitations was tolled until a damage award became a certainty following the January 21, 2014, order.

[¶10] This Court has adopted the application of the discovery rule to potentially toll the statute of limitations in legal malpractice actions. *Wall v. Lewis*, 393 N.W.2d 758, 761 (N.D. 1986). The discovery rule delays the start of the statute of limitations until the plaintiff "knows, or with reasonable diligence should know, of the injury, its cause, and the defendant's possible negligence." *Wall*, at 761. "The discovery rule focuses on whether the plaintiff has been apprised of facts which would place a reasonable person on notice that a potential claim exists, and it prevents the injustice of barring a claim before the plaintiff reasonably could be aware of its existence." *Riemers v. Omdahl*, 2004 ND 188, ¶ 6, 687 N.W.2d 445. We have recognized the discovery rule employs an objective standard of knowledge, and it is not necessary that a plaintiff be subjectively convinced of the injury and that the injury was caused by the defendant's negligence. *Id.*

[¶11] In *Riemers*, this Court considered the extent to which a Plaintiff is required to appreciate the injury caused by the attorney's malpractice. *Id.* at ¶ 7. In *Riemers*, this Court noted the following:

> Under the discovery rule, the statute of limitations does not begin to run until the plaintiff has incurred some injury or damage. *Larson v. Norkot Mfg., Inc.*, 2002 ND 175, ¶ 10, 653 N.W.2d 33 (citing *Wall v. Lewis*, 366 N.W.2d 471, 473 (N.D. 1985)). It is not necessary for the plaintiff to fully appreciate the potential liability, or even be convinced of an injury; the objective standard requires only that the plaintiff be aware of facts that would place a reasonable person on notice that a potential claim exists. *Larson v. Norkot Mfg., Inc.*, 2001 ND 103, ¶ 13, 627 N.W.2d 386. In *Wall*, 366 N.W.2d at 473 (quoting *Budd v. Nixen*, 6 Cal. 3d 195, 491 P.2d 433, 436-37, 98 Cal. Rptr. 849 (Cal. 1971)), we explained:
>> ". . . until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice. Prosser states the proposition succinctly, 'It follows that the statute of

4

limitations does not begin to run against a negligence action until some damage has occurred.' (Prosser, Law of Torts (4th ed. 1971), § 30 at p. 144.)

The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence. . . . Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue.

Indeed, once having discovered his attorney's negligence and having suffered some damage, the client must institute his action within the time prescribed in the statute of limitations or he will be barred from thereafter complaining of his attorney's conduct."

*Id.*

[¶12] Ordinarily, when the discovery rule is applied, knowledge of when the plaintiff should have discovered there was a potential malpractice claim is a question of fact precluding summary judgment. *Id.* at ¶ 8. "However, issues of fact may become issues of law if reasonable persons could reach only one conclusion from the facts." *Id.* at ¶ 8 (citing *Twogood v. Wentz*, 2001 ND 167, ¶ 10, 634 N.W.2d 514). "A plaintiff's knowledge of a potential claim is an issue of law if the evidence is such that reasonable minds could draw but one conclusion from the evidence." *Id.* (citing *Wall*, 393 N.W.2d at 761).

[¶13] The August 15, 2013, order provided, in part, "James Broten is liable for breach of his fiduciary obligations as executor and personal representative of Olaf Broten's will and estate." The order also included the conclusion of law that the deed transferring land from the trust to James Broten while he was the personal representative of his father's estate was void. The district court also concluded the following facts existed prior to August 15, 2013: Broten had a belief the records he provided to Carter would provide a defense to the claim he had breached his fiduciary duty; Broten had communicated his belief regarding the records to Carter; and, Carter had not investigated or properly disclosed the records to the opposing party. The district court further concluded, as a result of the August 15, 2013, order, Broten knew the court had

5

ruled against him on the merits of an issue to which the records allegedly applied.

[¶14] It is not necessary for Broten to fully appreciate the potential liability, or even be convinced of an injury as the result of Carter's handling of the records; the objective standard requires only that Broten be aware of facts that would place a reasonable person on notice that a potential claim against Carter existed. *Larson v. Norkot Mfg., Inc.*, 2001 ND 103, ¶ 13, 627 N.W.2d 386. Following the issuance of the August 15, 2013, order, reasonable minds could draw but one conclusion from the evidence: Broten was on notice a potential claim against Carter existed. While Broten may have believed he would be able to offset all of the potential damage award, the voiding of the prior deed and facts surrounding Carter's alleged mishandling of the records would have placed a reasonable person on notice that a potential claim against Carter existed. The district court did not err in granting summary judgment in favor of Carter after finding the statute of limitations had expired prior to his initiation of a malpractice claim against Carter.

III

[¶15] Broten's complaint included a claim for treble damages under N.D.C.C. § 27-13-08 alleging Carter willfully delayed the litigation between Broten and his sisters. It is unnecessary for this Court to determine if a claim under N.D.C.C. § 27-13-08 is a separate claim from Broten's legal malpractice claim and/or has a separate statute of limitations from his legal malpractice claim. The motion for summary judgment sought dismissal of the complaint in its entirety. Broten did not argue in the district court his claim under N.D.C.C. § 27-13-08 is a separate claim from his legal malpractice or has a different statute of limitations. The judgment entered in the district court provides finality on all of the claims through a dismissal of Broten's claims "in their entirety, with prejudice." The district court entered a final judgment resolving all claims and Broten has not appealed the dismissal of his claim under N.D.C.C. § 27-13-08.

6

## IV

[¶16]  Broten also challenges the district court's award of costs and expenses. The costs and expenses challenged by Broten relate to two experts hired on behalf of Carter to defend against the merits of the malpractice claim. The experts were unnecessary for the resolution of the motion for summary judgment or for determination of whether the statute of limitations expired before Broten initiated his claim.

[¶17] The district court's scheduling order established the following deadlines: discovery was to be completed by February 1, 2018; Broten was required to disclose expert witnesses no later than March 30, 2018; Carter was required to disclose all expert witnesses no later than April 30, 2018; and the final day to move for summary judgment was May 31, 2018. By March 30, 2018, Broten had retained and disclosed an expert witness whose opinion was Carter committed malpractice. Carter hired and disclosed his expert witnesses by the April 30, 2018, deadline. On May 31, 2018, Carter moved for summary judgment. Carter argues he was compelled to hire expert witnesses to rebut anticipated testimony of Broten's expert, and until the summary judgment motion had been resolved, it was reasonable to continue to prepare for a potential trial on the merits.

[¶18] Under N.D.C.C. § 28-26-06(5), the district court has discretion to award expert witness fees that are reasonable plus actual expenses. N.D.C.C. § 28-26-06(5). "The allowance of disbursements under the statutes lies within the discretion of the [district] court, which is in a better position to determine the reasonableness and necessity of the disbursements sought by the prevailing party, and the [district] court's decision will be overturned only if an abuse of discretion is shown." *Richter v. Jones*, 378 N.W.2d 209, 213 (N.D. 1985). A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misapplies or misinterprets the law. *Haider v. Moen*, 2018 ND 174, ¶ 6, 914 N.W.2d 520.

[¶19] The district court awarded costs for Carter's two experts after finding one of the experts had reviewed numerous documents, attended meetings, prepared an expert report, and provided a deposition. The district court concluded the second expert had reviewed the pleadings in both this case and the underlying matter, reviewed the records that Broten claimed supported his defense in the underlying matter, reviewed expert reports, attended meetings, and prepared an expert report. The district court concluded that although the experts were not used within the motion for summary judgment, because the experts would have been necessary for trial, the fees were reasonable.

[¶20] This Court has upheld a district court's award of a fee for a non-testifying witness, finding no abuse of discretion. *See, e.g., Pratt v. Heartview Foundation*, 512 N.W.2d 675, 679 (N.D. 1994); *Wastvedt v. Vaaler*, 430 N.W.2d 561, 568-69 (N.D. 1988); *Keller v. Vermeer Mfg. Co.*, 360 N.W.2d 502, 507-08 (N.D. 1984). In *Pratt*, we recognized that N.D.C.C. § 28-26-06(5) does not require "an expert witness actually testify before the [district] court may include her fee in a party's costs and disbursements . . . such a construction would be contrary to the judicial policy of encouraging settlements and speedy resolution of disputes." 512 N.W.2d at 679.

[¶21] This Court has also upheld a district court's denial of a recovery of expenses for a non-testifying witness, finding no abuse of discretion. "It is likewise not an abuse of discretion for the district court to decline such an award." *N.D. DOT v. Schmitz*, 2018 ND 113, ¶ 12, 910 N.W.2d 874 (citing *United Dev. Corp. v. State Highway Dep't*, 133 N.W.2d 439, 444 (N.D. 1965) ("The [district] court may exercise its discretion as to the number of witnesses for which a prevailing party may tax costs.")). A district court has "sole discretion" over "[t]he number of expert witnesses who are allowed fees or expenses." N.D.C.C. § 28-26-06(5).

[¶22] Here, Carter followed the district court's scheduling order which required the completion of fact discovery and the disclosure of expert witnesses prior to the summary judgment motion deadline. The district court made specific findings regarding the work performed by the experts, concluded the experts would have been necessary for a trial on the merits, and concluded the

8

fees were reasonable. Under the facts of this case, the district court did not act in an arbitrary, unreasonable, or unconscionable manner; its decision was the product of a rational mental process leading to a reasoned determination; and it did not misapply or misinterpret the law. We conclude the district court did not abuse its discretion in awarding the recovery of expenses associated with the experts who did not testify.

V

[¶23] The district court did not err in granting summary judgment in favor of Carter after finding the statute of limitations had expired prior to his initiation of a malpractice claim against Carter. The district court did not abuse its discretion in awarding the recovery of expenses associated with the experts who did not testify. We affirm.

[¶24] Jon J. Jensen
Jerod E. Tufte
Carol Ronning Kapsner, S.J.
Gerald W. VandeWalle, C.J.

[¶25] The Honorable Carol R. Kapsner, Surrogate Judge, sitting in place of McEvers, J., disqualified.

9

**Crothers, Justice, dissenting.**

[¶26] I respectfully dissent because the face of this record shows Broten's claim under N.D.C.C. § 27-13-08 has not been adjudicated. Without adjudication of all claims, this Court lacks appellate jurisdiction absent certification under N.D.R.Civ.P. 54(b).

[¶27] Neither party raised the issue of appealability; however, this Court considers the matter sua sponte. *Ceartin v. Ochs*, 479 N.W.2d 863, 864 (N.D. 1992). We use a two-step analysis to determine whether this Court has jurisdiction over appeals from orders in cases with unadjudicated claims. *Id.* First, the order must satisfy one of the bases for appeal in N.D.C.C. § 28-27-02. *Id.* Second, the case must comply with N.D.R.Civ.P. 54(b). *Id.*

[¶28] Section 28-27-02, N.D.C.C., addresses what orders are reviewable, and provides:

> The following orders when made by the court may be carried to the supreme court:
> 1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;
> 2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;
> 3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35-22-04, or which sets aside or dismisses a writ of attachment for irregularity;
> 4. An order which grants or refuses a new trial or which sustains a demurrer;
> 5. An order which involves the merits of an action or some part thereof;
> 6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or
> 7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court

10

after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

Dismissal of Broten's legal malpractice claim is "An order which involves the merits of an action or some part thereof." N.D.C.C. § 28-27-02(5). But, as noted, the appellant must satisfy both the statutory requirement and Civil Rule 54(b) prior to an effective appeal.

[¶29] Rule 54(b) provides:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[¶30] Without certification under Rule 54(b), "A party seeking to appeal must wait until the end of the case, when all claims have been resolved and final judgment has been entered, before filing an appeal." N.D.R.Civ.P. 54(b), explanatory note. Certification under Rule 54(b) is reserved for the "infrequent harsh case" where failure to allow immediate appeal creates a demonstrated prejudice or hardship. *Greer v. Global Industries, Inc.*, 2018 ND 206, ¶ 12, 917 N.W.2d 1. Rule 54(b) certifications should not be entered routinely as a courtesy or accommodation to counsel. *Peterson v. Zerr*, 443 N.W.2d 293, 297 (N.D. 1989). "More is required to justify a Rule 54(b) certification than a mere recitation of generic circumstances applicable to every attempted appeal from an otherwise interlocutory judgment." *Club Broadway, Inc. v. Broadway Park*, 443 N.W.2d 919, 921 (N.D. 1989). Rule 54(b) certification requires a showing

11

of out-of-the-ordinary circumstances or a cognizable, unusual hardship to the litigants if the appeal is deferred. *Peterson*, at 299.[1]

[¶31] Here, Broten sued Carter and his law firm for "COUNT I: MALPRACTICE," "COUNT II: VIOLATION OF NDCC § 27-13-08," and "COUNT III: PARTNERSHIP LIABILITY & RESPONDEAT SUPERIOR." Count III is derivative of Count I, but Counts I and II may or may not stand alone, as acknowledged by the district court.

[¶32] Carter moved for summary judgment seeking an order "dismissing the Complaint in its entirety with prejudice." However, Carter's briefing was not so sweeping. His brief in support of summary judgment stated:

> Plaintiff's Complaint should be dismissed in its entirety as Plaintiff's claims are barred by the statute of limitations; Plaintiff's damages are the direct result of Plaintiff's own conduct; and because there are no genuine issue[s] of material fact which precludes [SIC] summary judgment in favor of Defendants.

Carter's 24-page brief to the district court contains 16 pages of facts. The remaining pages of his legal arguments contain captions "Summary Judgment Standard," "The Statute of Limitations Bars James's Legal Malpractice Action Against the Defendants," and "Summary Judgment is Appropriate as Matter of Law as James Cannot Establish a Genuine Issue of Material Fact Concerning his Claim for Malpractice." The brief does not mention Count II, N.D.C.C. § 27-13-05, or treble damages.

[¶33] Broten's brief resisting Carter's summary judgment motion is 20 pages long and contains nearly 8 pages of facts. In the remaining pages, Broten's legal arguments are captioned "Summary Judgment Standard," "Broten's claim against Carter is within the statute of limitations," "Carter's conflict with the underlying case brought by Broten's sisters," and "Broten has presented

---

[1] I do not believe this is the "infrequent harsh case" which would have permitted district court certification under Rule 54(b). Rather, this case would not be appealable until all issues are resolved in the district court.

12

facts to show he would have succeeded on the case-within-a-case analysis." Like his litigation opponent, Broten's brief does not mention Count II, N.D.C.C. § 27-13-05, or treble damages.

[¶34] The lack of adjudication is unexplained, but the issue was addressed at the summary judgment hearing. The judge inquired about Count II with counsel for the moving party as follows:

> THE COURT: Last question for you and I think I know the answer, but in addition to a regular legal malpractice claim, they're also seeking treble damages for delay under 27-13-08, and that statutory language says—I'll leave out the stuff that doesn't apply to this case—every attorney who willfully delays the attorney's client's suit with a view towards the attorney's own gain, forfeits to the party injured treble damages to be recovered in a civil action. The question I have is simply, is it your position that any award under that statute would be encompassed within the two-year statute of limitations for legal malpractice or is there a separate—
> MR. McLEAN: No. It's—absolutely. And they don't even have any evidence they ever paid any attorney's fees.
> THE COURT: So—yeah. I just want to get parties' positions.

[¶35] The court also inquired of plaintiff's counsel as follows:

> THE COURT: Okay. Then I think I've got the dispute between the two of you.
> On that 27-13-08 treble damages, is your position that it has the same statute of limitations as the underlying legal malpractice claim or do you think there's a separate, different statute of limitations that applies to that?
> MR. GROSSMAN: They've tracked together and it's our position, and I don't know that it's a two-year or three-year statute of limitations on that, I apologize, but it would be the same general statute of limitations that would begin to run in January of 2014 when that order came out.
> THE COURT: <u>Well, you know, obviously, if there's a three-year statute of limitations, it's a different kettle of fish because you filed in 2016, so we have to go back to 2013. So I'll look at that. I was just wondering what your position was because neither party had</u>

13

addressed it. I assume they didn't address it because they simply assumed it was the same statute of limitations that this language awarding treble damages in this situation because of the reference back to "recovered in a civil action" means you have to go back to the civil action to determine the statute of limitations, and this is just a damage issue. But I just wanted your positions on that, so.

(Emphasis added).

[¶36] The judge was correct that neither party addressed the treble damage claim. But, notwithstanding the court's inquiry with both counsel, the district court did not rule whether a two or three year statute of limitations applied to Count II. Nor did the judge determine whether the claim under N.D.C.C. § 27-13-08 is an independent claim for relief or only a measure of damages available in a legal malpractice claim. Rather, the district court granted that part of Carter's motion for summary judgment based on the statute of limitations, and denied that part of Carter's motion based on the case-within-a-case analysis.

[¶37] The district court's order only addressed the issues presented in the briefing, and did not cite or mention Count II, N.D.C.C. § 27-13-05, or treble damages. In the end, the district court held "Based on the foregoing, IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment is GRANTED as the Plaintiff's claim is barred by the relevant statute of limitations."

[¶38] The majority opinion at paragraph 15 addresses this issue as follows:

> Broten's complaint included a claim for treble damages under N.D.C.C. § 27-13-08 alleging Carter willfully delayed the litigation between Broten and his sisters. It is unnecessary for this Court to determine if a claim under N.D.C.C. § 27-13-08 is a separate claim from Broten's legal malpractice claim and/or has a separate statute of limitations from his legal malpractice claim. The motion for summary judgment sought dismissal of the complaint in its entirety. Broten did not argue in the district court his claim under N.D.C.C. § 27-13-08 is a separate claim from his legal malpractice or has a different statute of limitations. The judgment entered in the district court provides finality on all of the claims through a

14

dismissal of Broten's claims "in their entirety, with prejudice." The district court entered a final judgment resolving all claims and Broten has not appealed the dismissal of his claim under N.D.C.C. § 27-13-08.

[¶39] The bulk of the majority's holding is centered on the district court's dismissal of the Complaint without mentioning Count II of the Complaint, N.D.C.C. § 27-13-08, or treble damages. Regarding the majority's second sentence, I agree we should not independently "determine if a claim under N.D.C.C. § 27-13-08 is a separate claim from Broten's legal malpractice claim and/or has a separate statute of limitations from his legal malpractice claim." That work must be done by the district court upon a motion by one or both of the parties. No motion brought that issue to the district court. The district court did not address the issue. Nor should we.

[¶40] The majority next holds, "The judgment entered in the district court provides finality on all of the claims through a dismissal of Broten's claims 'in their entirety, with prejudice.'" I agree the judgment contains those words. But the briefing and the order contain no such expansive language, nor do they even mention N.D.C.C. § 27-13-08, treble damages or Count II of the Complaint. As a result, the breadth of the judgment is not tethered to any other paper, argument, or ruling in the summary judgment process.

[¶41] The majority also holds, "The district court entered a final judgment resolving all claims and Broten has not appealed the dismissal of his claim under N.D.C.C. § 27-13-08." As explained above, I do not agree the district court resolved all claims. It has omitted adjudication of Complaint "Count II: Violation of NDCC § 27-13-08." Regarding the majority's statement, "Broten has not appealed the dismissal of his claim under N.D.C.C. § 27-13-08." I agree. The treble damage claim has not been appealed because it has not been adjudicated. This lack of adjudication leaves the issue pending, and is precisely why this Court does not have jurisdiction over this appeal.

[¶42] I would dismiss the appeal for lack of jurisdiction. So this case is not caught in legal limbo, upon dismissal of the appeal I also would exercise this

Court's supervisory jurisdiction and vacate the district court's judgment so the statutory claim can be adjudicated.

[¶43]Daniel J. Crothers