**Corrected Opinion Filed 05/04/20 by Clerk of the Supreme Court**

**Filed 03/25/20 by Clerk of Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 73

North Star Mutual Insurance,                Plaintiff and Appellant

    v.

Jayme Ackerman d/b/a Ackerman
Homes, Levi Chase, Progressive
Insurance Company, and State Farm Mutual,            Defendants

     and

Kyle Lantz,                         Defendant and Appellee

## No. 20190135

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jonathon F. Yunker, Devils Lake, ND, for plaintiff and appellant.

Jared J. Wall (argued) and David S. Maring (on brief), Bismarck, ND, for appellee.

**Crothers, Justice.**

[¶1]   North Star Mutual Insurance appeals from a declaratory judgment holding that a commercial general liability policy it issued to Jayme Ackerman, doing business as Ackerman Homes, provides coverage for Ackerman's potential liability arising from an accident involving Kyle Lantz and that North Star has a duty to defend Ackerman.  North Star argues the district court erred in finding coverage because the policy excludes accidents arising out of the use of an automobile. We affirm.

I

[¶2]   North Star sued Ackerman, Lantz, Levi Chase, Progressive Insurance Company, and State Farm Mutual for declaration of the parties' rights and responsibilities under the commercial general liability (CGL) policy North Star issued to Ackerman.  North Star alleged that on July 13, 2017, Ackerman was driving eastbound on Interstate 94; a wheelbarrow allegedly fell out of Ackerman's pickup truck and landed on the interstate; Chase was traveling on the interstate behind Ackerman and lost control of his vehicle after he came upon an object on the road; and Chase's vehicle went through the median and struck Lantz, who received severe injuries.

[¶3]   Lantz and North Star moved for summary judgment.  North Star argued the policy did not cover the claims because of exclusions for the use of motor vehicles as well as the loading and unloading of equipment.  Lantz agreed the policy contains a motor vehicle exclusion but argued there were also covered non-vehicle related negligent acts and the concurrent cause doctrine applies to provide coverage.

[¶4]   In deciding the summary judgment motions, the district court noted North Star requested the court assume for purposes of the motion for summary judgment only that the wheelbarrow was the object in the road and that the wheelbarrow was owned by Ackerman, which would allow the court to decide

whether the policy provides coverage as a matter of law. Ackerman also argued an evidentiary hearing was unnecessary and requested the court rule on the motions based on the "potential liability" arising from the claims. *See* N.D.C.C. § 32-23-06 (court shall enter a declaratory judgment even though insured's liability for the loss has not been determined). The court concluded the following facts were uncontested:

> "While in Belfield, North Dakota, a wheelbarrow, which Ackerman intended to use in work for Ackerman Homes the next day, was placed in a pickup driven by Ackerman toward his home in Mandan, North Dakota, traveling some of the distance on I-94. When he stopped in New Salem, North Dakota, he noticed that the wheelbarrow was missing. Sometime thereafter, [Chase] also traveling east on I-94, saw something in his lane and swerved to avoid it. He lost control of his vehicle, crossed the median, and collided with Lantz, causing serious injuries. Several days later, a damaged wheelbarrow, which Ackerman acknowledged looked like the wheelbarrow which had been in his pickup, was found along I-94 about 5 miles east of the collision."

[¶5] The district court granted Lantz's motion for summary judgment. The court explained that the primary issue was whether the concurrent cause doctrine applies; that Lantz claimed many forms of negligence occurred, including Ackerman's failure to remove the wheelbarrow from the highway after it fell from the vehicle and Ackerman's failure to give notice to the public of the presence of the wheelbarrow on the highway; and that Lantz argued those causes are not excluded under North Star's policy. The court concluded the policy provides coverage, generally, for portable tools and equipment, including the wheelbarrow, and the policy excludes vehicle-related acts. The court concluded the policy does not exclude nonvehicle acts, including the failure to remove the wheelbarrow from the highway and failure to give notice to the public of the presence of the wheelbarrow on the highway; and a person who causes or permits an item, which creates an unreasonable risk of injury, to be placed on the highway has a duty to remove the item and a duty to give notice of the presence of that item. The court concluded both included and excluded risks contributed to the accident, the concurrent cause doctrine

2

applies, and the policy provides coverage for Ackerman's potential liability and North Star has a duty to defend Ackerman.

## II

[¶6]   Our standard for reviewing summary judgments is well established:

> "Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record."

*Dahms v. Nodak Mut. Ins. Co.*, 2018 ND 263, ¶ 6, 920 N.W.2d 293 (quoting *Pettinger v. Carroll*, 2018 ND 140, ¶ 7, 912 N.W.2d 305).

[¶7]   The interpretation of an insurance policy is a question of law reviewed de novo on appeal. *Dahms,* 2018 ND 263, ¶ 8, 920 N.W.2d 293. In interpreting an insurance policy:

> "We look first to the language of the insurance contract, and if the policy language is clear on its face, there is no room for construction. If coverage hinges on an undefined term, we apply

3

the plain, ordinary meaning of the term in interpreting the contract. While we regard insurance policies as adhesion contracts and resolve ambiguities in favor of the insured, we will not rewrite a contract to impose liability on an insurer if the policy unambiguously precludes coverage. We will not strain the definition of an undefined term to provide coverage for the insured. We construe insurance contracts as a whole to give meaning and effect to each clause, if possible. The whole of a contract is to be taken together to give effect to every part, and each clause is to help interpret the others."

*Id.* (quoting *Borsheim Builders Supply, Inc. v. Manger Ins., Inc.*, 2018 ND 218, ¶ 8, 917 N.W.2d 504). Exclusions from coverage must be clear and explicit and are strictly construed against the insurer. *State, ex rel. State Fire and Tornado Fund of N.D. Ins. Dept. v. N.D. State Univ.*, 2005 ND 75, ¶ 13, 694 N.W.2d 225.

## III

[¶8]    North Star argues the district court erred in concluding the CGL policy covers Ackerman's potential liability because of the exclusion for accidents arising out of the use of an automobile. North Star claims none of the alleged causes of the accident are covered by the insurance policy and therefore the concurrent cause doctrine does not apply.

[¶9]    CGL policies are intended to protect an insured against certain losses arising out of business operations. *See K&L Homes, Inc. v. American Family Mut. Ins. Co.*, 2013 ND 57, ¶ 16, 829 N.W.2d 724; *see also* 2 *New Appleman Law of Liability Insurance* § 9.01(1) (2d ed. 2019). Here, the policy states, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The policy states the insurance applies to "bodily injury" only if: "The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'"; the injury occurs during the policy period; and, prior to the policy period, the insured did not know the bodily injury had occurred. An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy also includes a specific provision about medical expenses, stating:

4

"We will pay medical expenses as described below for 'bodily injury' caused by an accident:
(1) On premises you own or rent;
(2) On ways next to premises you own or rent; or
(3) Because of your operations[.]"

[¶10] The policy excludes: "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading.'" "Loading or unloading" is the handling of property:

"a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or 'auto';
b. While it is in or on an aircraft, watercraft or 'auto'; or
c. While it is being moved from an aircraft, watercraft or 'auto' to the place where it is finally delivered[.]"

[¶11] The district court concluded there were at least two possible acts of negligence that contributed to the accident, including loading and securing the wheelbarrow, failing to remove the wheelbarrow from the highway after it fell from the pickup, and failing to give the public notice of the wheelbarrow on the highway. North Star argues none of these causes are covered by its policy.

[¶12] The policy excludes coverage for the loading and unloading of property and bodily injury arising out of the use of any automobile. For the "use" to be excluded, the use must be such "as arises out of the inherent nature of the automobile." *See Norgaard v. Nodak Mut. Ins. Co.*, 201 N.W.2d 871, 874 (N.D. 1972). This Court said,

"In determining the meaning of the phrase 'arising out of', courts have recognized that the causal relationship need not constitute a proximate cause, but on the other hand if an injury is directly caused by some independent or intervening cause it does not arise out of the use of an automobile, notwithstanding there may have been some remote connection between the use of an automobile and the injury complained of."

*Id.* at 875.

[¶13] The transportation of the wheelbarrow and its fall out of the vehicle onto the interstate are vehicle-related activities, which constitute "use" of an automobile. *See Houser v. Gilbert*, 389 N.W.2d 626, 628 (N.D. 1986) (stating mud deposited on the road by a truck was a vehicle-related activity). The policy excludes coverage for injuries arising out of that use.

[¶14] The wheelbarrow also was left on the road for some time before the accident occurred, and Ackerman did not remove it or warn other drivers of its presence. These were independent, nonvehicle-related, acts that did not arise out of the use of the automobile. *See Houser*, 389 N.W.2d at 630-31. The exclusion for injuries arising out of the use of an automobile does not apply to these acts.

[¶15] North Star argues the district court erred by finding Ackerman had a duty to remove the wheelbarrow from the road or to warn of the hazard. In *Houser*, 389 N.W.2d at 627, the survivors of the victim of a truck collision sued farmers who deposited mud and dirt on the highway while trucking sugar beets from an adjacent field. A jury found the farmers' negligence was the sole cause of the accident. *Id*. The farmers had a farm liability policy and two separate vehicle policies covering their trucks. *Id*. at 628. This Court held all three policies provided coverage. *Id*. We concluded there was a causal relationship between the use of the vehicle and the accident because the mud could not have been deposited on the road without the use of the trucks, and therefore the vehicle policies provided coverage for the injuries caused by the vehicle-related activity. *Id*. We further concluded nonvehicle-related acts caused the injury, including the failure to remove the mud from the road and the failure to warn. *Id*. at 630-31. As a result, not all of the loss arose from the use of the vehicles. *Id*. We held concurrent coverage existed under the vehicle and general farm liability policies. *Id*. at 631. "Whenever such a non-auto risk is a proximate cause of an injury, liability attaches to the insured, and coverage for such liability should naturally follow. Coverage cannot be defeated simply because a separate excluded risk constitutes an additional cause of the injury." *Id*. at 630-31 (quoting *State Farm Mut. Auto. Ins. Co. v. Partridge*, 10 Cal.3d 94, 514 P.2d 123, 125 (1973)).

6

[¶16] *Houser* indicates a duty may exist to remove a hazard from the road. 389 N.W.2d at 630-31; *see also* N.D.C.C. § 39-10-59 (stating an individual who deposits a destructive or injurious material on a highway shall immediately remove the material or cause it to be removed). Generally, the existence of a duty is a question of law. *Devore v. American Eagle Energy Corp.*, 2020 ND 23, ¶ 18, 937 N.W.2d 503. Ackerman had a duty to remove the wheelbarrow from the road if it fell out of his truck. Although he claims he did not realize the wheelbarrow was no longer in the truck until he reached New Salem, at that point he did not contact law enforcement or attempt to look for the wheelbarrow.

[¶17] Several potential acts of negligence exist in this case: the loading and securing of the wheelbarrow in the vehicle and the failure to remove the wheelbarrow from the interstate and failure to warn. These excluded and covered risks under the policy allegedly contributed to the accident.

[¶18] In *Grinnell Mutual Reinsurance Co. v. Center Mutual Insurance Co.*, 2003 ND 50, ¶ 3, 658 N.W.2d 363, a pickup truck was towing a tractor when the tow rope detached and snapped back injuring the tractor driver. The pickup truck was covered by an automobile insurance policy and a farm insurance policy covered the farming operation, which excluded liability arising out of the use of a motor vehicle. *Id.* ¶¶ 4, 20. This Court adopted the concurrent cause doctrine, under which coverage exists when both a covered risk and an excluded risk contribute to an accident. *Id.* at ¶¶ 24, 32. Under the doctrine, coverage will be found if there is a "causal connection" between the insured risk and the injury, the injury cannot be disassociated from the covered risk, and the potential of creating an unreasonable risk of injury arose just as much from the insured risk as it did from the excluded risk. *Id.* at ¶ 23. We held concurrent coverage existed under both the automobile policy and the farm policy because there were "motor vehicle"-related acts of negligence and non-"motor vehicle"-related acts of negligence involved in the same accident. *Id.* at ¶ 32.

[¶19] We have further explained, "The concurrent cause rule . . . takes the approach that coverage should be allowed whenever two or more causes do

appreciably contribute to the loss, and at least one of the causes is an included risk under the policy." *State Fire and Tornado Fund*, 2005 ND 75, ¶ 32, 694 N.W.2d 225.

[¶20] Under the concurrent cause doctrine the GCL policy provides coverage in this case. *See Grinnell Mut.*, 2003 ND 50, ¶¶ 24-32, 658 N.W.2d 363. The failure to remove the wheelbarrow from the road and the failure to warn were independent acts that allegedly were a cause of the injury. The injury potentially arose just as much from failure to remove the wheelbarrow and warn other drivers, which are covered risks, as it arose from the transportation of the wheelbarrow.

[¶21] The district court did not err in granting summary judgment and concluding the policy provides coverage under the circumstances of this case.

IV

[¶22] We affirm the declaratory judgment.

[¶23] Daniel J. Crothers
        Jerod E. Tufte
        Norman G. Anderson, S.J.
        Gerald W. VandeWalle
        Jon J. Jensen, C.J.


[¶24] The Honorable Norman G. Anderson, S.J., sitting in place of McEvers, J., disqualified.